IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEFFREY L. TIBBETTS | * | |
|    Plaintiff | * | |
|       v. | * | CIVIL ACTION NO. |
| | * | 3:01CV01763 (CFD) |
| PRESIDENT & FELLOWS OF YALE, et al. | * | |
|    Defendants | * | January 23, 2004 |

**PLAINTIFF'S NOTICE OF PENDING COLLATERAL ACTION
BEFORE THE U.S. DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA**

The Court will please take notice that a collateral action is pending in the U.S. District Court for the Eastern District of Virginia that contains pertinent issues connected to both <u>Tibbetts v. President and Fellows</u> (3:01CV0763) and <u>Tibbetts v. Levin</u> (3:97CV2683), pending before this Court.

Respectfully submitted,

Jeffrey L. Tibbetts
1021 Arlington Blvd., #822
Arlington, VA 22209
(703) 522-0321

CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by First Class Mail, postage prepaid, this 23rd day of January, 2004, to Defendants' counsel of record at the following addresses: Jeffrey Babbin, Wiggin & Doyle, P.O. Box 1832, New Haven, CT 06508-1832

Jeffrey L. Tibbetts

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

| | | |
|---|---|---|
| JEFFREY L. TIBBETTS | * | |
| Plaintiff | * | 2004 JAN 23 A 10: 36 |
| v. | * | 00-2004-A |
| | * | |
| YALE CORPORATION et al. | * | |
| Defendants | * | January 23, 2004 |

## PLAINTIFF'S RULE 60(b)(3) MOTION FOR RELIEF FROM FINAL JUDGMENT AND ORDER IN THIS ACTION

Plaintiff respectfully moves this Court to reinstate one count of his six count complaint filed on December 1, 2000, pursuant to Federal Rule of Civil Procedure 60(b). The motion is made under both the broad equitable provisions of Rule 60(b), as well as the fraud provision of Rule 60(b)(3). The motion is timely: it is made within one year of the final decision of the U.S. Court of Appeals for the Fourth Circuit. This decision was issued on September 26, 2002; the instant motion was filed on September 25, 2003. During this interim, Plaintiff and Defendant Yale University have been involved in protracted litigation before the U.S. District Court in the District of Connecticut and the U.S. Court of Appeals for the Second Circuit.

Specifically, Plaintiff requests relief that his Count for Abuse of Process be reinstated pursuant to F.R.Civ.P. 60(b) and 60(b)(3). Defendant Yale University, through its attorneys, committed fraud on this Court, and the U.S. Court of Appeals for the Fourth Circuit, by concealing the fact that Yale's proof of claim in the Plaintiff's underlying bankruptcy was time-barred and fraudulent, in violation of 18 U.S.C. § 152. Because Yale's attorneys engaged in a concerted scheme to misrepresent both the facts and law surrounding this proof of claim, the Court was seriously misled and deceived, and as a consequence, the judicial machinery could not "perform in the usual manner its impartial task of adjudging cases that are presented for adjudication." *Great Coastal Express, Inc. v. Int'l Brotherhood of Teamsters*, 675 F.2d 1349,

1356 (4th Cir. 1982) (citing *Hazel-Atlas Glass Co. v. Hartford-Empire Co.*, 322 U.S. 238, 246, 64 S.Ct. 997 (1944).

Plaintiff, accordingly, requests that the Court issue a finding surrounding whether or not Yale's Proof of Claim for $580.18 in the Plaintiff bankruptcy proceeding (98-10123) was time-barred under Connecticut General Statute §52-568, the applicable six-year statute in which Yale had to collect this debt. It is material that Yale filed this proof of claim two years after it was time-barred under C.G.S. §52-56. Neither this Court, nor the Fourth Circuit, ever issued a finding as to whether this proof of claim was time-barred and in violation of 18 U.S.C. § 152. A finding on this issue will determine whether Defendant Yale had a valid proof of claim, and whether Yale had "standing" in this bankruptcy under Bankruptcy Rule ("BR") § 1307(c). If Yale did not have standing in this bankruptcy, then it is axiomatic that Yale's use of process to convert the plaintiff's bankruptcy from a chapter 13 to a chapter 7 was "perverted" and constituted "an act in the use of the process not proper in the regular prosecution of the proceedings." *Vodrey v. Golden*, 864 F.2d 28, 30 (4th Cir. 1988); *Donohoe Constr. Co. v. Mount Vernon Assoc.*, 235 Va. 531, 540 369 S.E.2d 857, 862 (1988).

Throughout this action, Yale's attorneys presented fraudulent evidence and erroneous legal arguments to show that its process was not "irregular." However, at no time, did the courts ever make a finding as to whether Yale's proof of claim was time-barred, or whether it even had standing in this proceeding. Under Virginia law, this finding is essential: "[t]o sustain an action for abuse of process, . . . it is necessary to allege and prove the process . . . was maliciously misused or abused." *Vodrey*, 864 F.2d at 30; *Mullins v. Sanders*, 54 S.E.2d 116, 121 (Va. 1949).

As a matter of equity, then, under F.R.Civ.P. 60(b), Plaintiff is entitled to a finding on

2

whether Defendant Yale's proof of claim was time-barred and in violation of 18 U.S.C. § 152. If the claim was time-barred, then Defendant Yale did not have "standing" under BR § 1307(c), and Plaintiff can establish the prima facie elements for an abuse of process which requires "the wrongful *use* of process *after* it has been issued." *Triangle Auto Auction, Inc. v. Cash*, 380 S.E.2d 649, 650 (Va 1989) (emphasis in original); *see also Donohoe*, 369 S.E.2d at 857 ("The gravamen of the tort lies in the abuse or perversion of the process after it has been issued.").

Under these circumstances, Plaintiff is clearly entitled to equitable relief under F.R.Civ.P. 60(b). Rule 60(b) "suggests that equitable considerations prevail in such cases for one year" and that "parties are entitled to be relieved of an unjust judgment arrived at through mistake, ignorance, inadvertence or misconduct." *Great Coastal*, 675 F.2d at 1354-55 ("We believe that truth is more important than the trouble it takes to get it") (*quoting Publicker v. Shallcross*, 106 F.2d 949, 952 (3d Cir. 1939), *cert denied*, 308 U.S. 624, 60 S.Ct. 379 (1940)).

Wherefore, Plaintiff respectfully requests a finding of fact on whether Defendant Yale's proof of claim was time-barred under C.G.S. §52-568, and whether Yale had "standing" in plaintiff's chapter 13 bankruptcy under BR § 1307(c). If the Court finds in the affirmative that (1) Defendant Yale's proof of claim was time-barred, and (2) that it did not have standing in this chapter 13 proceeding, then Plaintiff requests that his claim for abuse of process be reinstated under the broad equitable provisions of Rule 60(b) of the Federal Rules of Civil Procedure.

Respectfully submitted,

Jeffrey L. Tibbetts
1021 Arlington Blvd., #822
Arlington, VA 22209
(703) 522-0321

3

## CERTIFICATE OF SERVICE

I hereby certify that a copy of the foregoing was sent by Federal Express, postage prepaid, this 22nd day of January, 2004, to Defendants' counsel of record at the following addresses:

Philip B. Morris
Morris & Morris
1200 Wytestone Plaza
801 East Main Street
Richmond, VA 23219

David Greer
Hofheimer Nusbaum, P.C.
Dominion Tower, Suite 1700
999 Waterside Drive
Norfolk, VA 23510

Richard Simpson
Ross, Dixon & Bell, L.L.P.
2001 K Street, N.W.
Washington, D.C. 20006

_____
Jeffrey L. Tibbetts