UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY P.L. TIBBETTS,<br><br>    Plaintiff,<br><br>vs.<br><br>PRESIDENT AND FELLOWS OF YALE COLLEGE, ET AL.,<br><br>    Defendants. | CIVIL ACTION NO.<br>3:01CV01763 (CFD)<br><br><br><br><br><br><br><br>MARCH 16, 2004 |

## JOINT STATUS REPORT

Pursuant to the terms of the Court's Order dated February 4, 2004, plaintiff Jeffrey L. Tibbetts and defendant Yale University (a/k/a the corporate entity of the President and Fellows of Yale College, including Yale Corporation) provide this Status Report to the Court.

**A.**    **Nature of the Case**

    **1.**    **Briefly describe the nature of this matter, the parties, the relief requested, and any relationship this case may have to other pending actions.**

*Plaintiff's Report:*

Plaintiff claims that defendant Yale University committed fraud in connection with the jury trial in *Tibbetts v. Dittes* (395-CV-00995). Specifically, plaintiff contends that defendant Yale perpetrated a fraud upon the court by failing to disclose to the jury that the university had previously removed and expunged all defamatory material from the plaintiff's educational record, and that the failure to disclose this matter on plaintiff's defamation claims misled and tainted the jury, and also constituted a violation of the plaintiff's rights under the Family Educational Rights and Privacy Act (FERPA), 20 U.S.C. § 1232 *et seq.* and 34 C.F.R. § 99 *et*

*seq.* Plaintiff further contends that defendant Yale committed fraud upon the court by withholding 75% of its internal administrative records from the jury, and that the proper disclosure of these exculpatory records would have resulted in a different verdict. Finally, plaintiff contends that he was unfairly prejudiced and surprised at trial, when, among other things, (1) plaintiff's counsel failed to show for trial, (2) nine defendants from Yale failed to show for trial, (3) the court compelled the plaintiff to conduct his own trial without the assistance of counsel, (4) the plaintiff's witnesses and experts were not allowed to testify, (5) the court declined to subpoena Yale's nine defendants to appear for trial, and (6) there was no meaningful discovery or amendments allowed in the case.

After the trial, plaintiff contends that defendant Yale compounded its fraud by relying upon the unfair trial and holding in *Dittes* and moving for preclusive effect in three related actions: *Tibbetts v. Levin*, 397CV02683 (CFD), *Tibbetts v. Stempel* 397CV02561 (CFD), and *Tibbetts v. Robinson*, 397CV02682 (CFD).

A review of the trial transcript in *Dittes* provides this Court with clear and convincing evidence that the plaintiff was denied a "full and fair trial." Therefore, plaintiff requests under the principles of equity and F.R.Civ.P. 60(b) that the judgment in *Dittes* be vacated, and that the case be reheard, but this time with appropriate discovery, a pretrial conference, and the intended amendments, which are now pending as satellite cases in *Levin*, *Stempel* and *Robinson*.

### *Defendant's Report:*

Plaintiff claims that defendant Yale University committed fraud in connection with the trial of the related action of *Tibbetts v. Dittes*, requiring that the Court vacate the judgment entered against plaintiff in that action. The *Dittes* case itself concerned plaintiff's claims that Yale University breached duties owed to him in tort and contract arising out of academic

disciplinary matters and charges of academic misconduct while he was a student at Yale University. Plaintiff relies on diversity of citizenship as the basis for federal jurisdiction.

Plaintiff, a resident of Virginia, is a former graduate student at the Yale University Divinity School in New Haven, CT. The only defendant deemed served in this action, and the only defendant against whom plaintiff is pursuing this action, is Yale University.

Plaintiff seeks to vacate the judgment in *Tibbetts v. Dittes* and obtain related damages.

The case information for the related action of *Tibbetts v. Dittes* is as follows: It is docket number 3:95cv00995 (AVC) (D. Conn.). It is no longer pending in court after judgment entered for defendants and plaintiff's appeal to the Second Circuit was dismissed on September 16, 2003. The Second Circuit denied plaintiff's motion to reinstate the appeal on December 8, 2003. The *Dittes* case itself was closely related to three actions still pending in this Court: *Tibbetts v. Stempel*, No. 3:97cv02561 (CFD) (D. Conn.), *Tibbetts v. Robinson*, No. 3:97cv02682 (CFD) (D. Conn.), and *Tibbetts v. Levin*, No. 3:97cv02683 (CFD) (D. Conn.). Those three actions have been consolidated for discovery and pretrial proceedings, with *Tibbetts v. Stempel* designated procedurally as the lead case.

2.  **Are there any motions pending? If so, list them.**
*Joint Report:*
There are three motions pending:

1. Defendant's motion to dismiss for failure to state a claim under Fed. R. Civ. P. 12(b)(6) (docket item 44).

2. Plaintiff's motion to hold the motion to dismiss in abeyance until the Second Circuit's disposition of *Tibbets v. Dittes* (docket item 49).

3. Plaintiff's renewed motion for entry of default against Dorothy Robinson, Harold Rose, William Doyle, Jeffrey Babbin, and Wiggin & Dana (docket item 51).

*Defendant's Supplemental Report:*

Note that the third motion referenced above (motion for default) does not concern the appearing defendant, Yale University, which is to Yale's knowledge the only defendant that has been served in the action; nor does it concern any of the other defendants that appeared earlier in this action (i.e., Richard Levin, James Dittes, and Thomas Ogletree) solely to contest a different and unsuccessful motion to default them. Also note that Dorothy Robinson appeared in this action solely as a non-party witness to file a successful motion to quash a subpoena (filed on February 11, 2003).

3. **Will this matter be tried to a jury or to the court? If it will be tried partially to each, explain.**

*Joint Report:*

Plaintiff has requested a jury trial.

B. **Discovery**

1. **Is discovery completed? If not, how much additional time is requested? Will there be a request for a modification of the Scheduling Order? What will be the request?**

*Plaintiff's Report:*

There has neither been a scheduling order nor discovery propounded in this case.

*Defendant's Report:*

Discovery is completed.

C. **Settlement**

1. **When was the last settlement conference and who conducted it?**

*Joint Report:*

No settlement conference has been scheduled or conducted.

2. **Are there any outstanding reports due any party or the person conducting the settlement conference?**

*Joint Report:*

No.

3. **Do the parties believe a settlement conference would be beneficial at this time?**

*Plaintiff's Report:*

Plaintiff requests a settlement conference.

*Defendant's Report:*

No.

D. **Trial Preparation**

1. **When will the case be ready for trial?**

*Plaintiff's Report:*

Discovery must be scheduled and completed. After that, the case is ready for trial, except in the event that the Court grants defendant's motion to dismiss for failure to state a claim.

*Defendant's Report:*

The case is ready for trial in the event that the Court does not grant the motion to dismiss for failure to state a claim.

2. **What additional preparation, other than that previously discussed, is required?**

*Plaintiff's Report:*

(A.) Plaintiff requests that the Court enter a protective order sealing the plaintiff's educational record, which had previously been expunged as "inaccurate" and "misleading" under FERPA, but which was re-introduced in *Dittes*, and which now constitutes a public record in violation of plaintiff's privacy rights under FERPA.

(B.) Plaintiff requests a hearing for oral arguments on defendant's motion for summary judgment.

*Defendant's Report:*

None.

3. **Are there additional pleadings to be filed? If so, state their nature.**

*Plaintiff's Report:*

Plaintiff intends to file (1) an opposition to defendant's motion for summary judgment, and (2) a motion to consolidate the instant action with *Levin*, *Stempel* and *Robinson*.

*Defendant's Report:*

Yes. This case, or portions of it, may be appropriate for disposition by summary judgment if it is not dismissed for failure to state a claim.

4. **Has a joint trial memorandum been filed? If not, when is it due?**

*Joint Report:*

No. There is at present no deadline set for the joint trial memorandum.

| PLAINTIFF | DEFENDANT |
| JEFFREY L. TIBBETTS | YALE UNIVERSITY |

By: _____
Jeffrey L. Tibbetts
tibbetts@aya.yale.edu
1021 Arlington Blvd, #822
Arlington, VA 22209
(202) 383-5276
(202) 383-5414 (fax)

By: _____
William J. Doyle (ct04190)
wdoyle@wiggin.com
Jeffrey R. Babbin (ct10859)
jbabbin@wiggin.com
Wiggin and Dana LLP
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4440
(203) 782-2889 (fax)

## CERTIFICATION

This is to certify that on this 16th day of March, 2004, a copy of the foregoing was mailed, postage prepaid, to:

Jeffrey L. Tibbetts
1021 Arlington Blvd., #822
Arlington, VA 22209
*Pro se plaintiff*

_____
Jeffrey R. Babbin

\490\171\451561.3