UNITED STATES DISTRICT COURT

DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEFFREY P. L. TIBBETTS | : | |
| VS. | : | NO.  3:01CV1763(CFD) |
| PRESIDENT AND FELLOWS | : | AUGUST 16, 2004 |

### SUPPLEMENTARY BRIEF IN OPPOSITION TO MOTION FOR SUMMARY JUDGMENT AND REQUEST FOR LEAVE TO FILE DISCOVERY REQUESTS

The defendants have reinstated their motion for summary judgment.  The plaintiff submits this brief to supplement that already filed *pro se*.  The plaintiff also requests leave to conduct discovery on all issues in this matter.  To date, no discovery has been permitted.

The defendants' motion seeks to bootstrap their attorneys' successful manipulation of a procedural rule of the Court of Appeals against an untutored *pro se* appellant in the case of *Tibbetts v . Dittes* into a victory on the merits here.  Because the defendants prevailed in *Dittes* on technical procedural grounds, rather than on the merits, and because the plaintiff attempted to consolidate this case with *Dittes* but was rebuffed by the trial court, it would be nothing less than a perversion of the doctrines of collateral estoppel and res judicata to permit

1

defense counsel's TKO in the *Dittes* appeal now to bar the plaintiff from the opportunity to have his claims against these defendants adjudicated on their merits.

"[T]he moving party bears the ultimate burden of establishing its right to summary judgment as a matter of law even when it does not have the ultimate burden of persuasion at trial." Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 982 (10th Cir. 2003). "[T]he Second Circuit has cautioned that, in cases where motive, intent or state of mind are at issue, summary judgment should be used sparingly." Ruscoe v. Housing Authority of City of New Britain, 259 F. Supp. 2d 160, 166 (D. Conn. 2003) (Nevas, J.), *citing* Dister v. Continental Group, Inc., 859 F.2 1108, 1114 (2nd Cir. 1988).      Summary judgment generally may not be granted until after the plaintiff has had time to conduct necessary discovery on the issues addressed by the motion. Trebor Sportswear Co. v. The Limited Stores, Inc., 865 F.2d 506, 511 (2d Cir. 1989); Berger v. United States, 87 F.3d 60, 65 (2d Cir. 1996); Doe v. Batson, 548 S.E.2d 854 (S.C. 2001). "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." Hellstrom v. United States Dept. of Veterans Affairs, 201 F.3d 94, 97 (2d Cir. 2000).

"Collateral estoppel, or issue preclusion, applies when (1) the issues in both proceedings are identical, (2) the issue in the prior proceeding was actually litigated and actually decided, (3) there was full and fair opportunity to litigate in the prior proceeding, and (4) the issue previously litigated was necessary to support a valid and final judgment on the merits." United States v. Hussein, 178 F.3d 125, 129 (2d Cir. 1999), quoting In re PCH Associates, 949 F.2d 585, 593 (2d Cir. 1991). "The party alleging issue preclusion has the burden of showing that the identical issue was decided in the prior proceeding, while the party opposing preclusion has the burden of showing an absence of a full and fair opportunity to litigate that issue." Green v. Montgomery, 219 F.3d 52, 55 (2d Cir. 2000) (applying New York law).

"To foreclose relitigation of an issue under federal law: (1) the issue at stake must be identical to the one alleged in the prior litigation; (2) the issue must have been actually litigated by the party against whom preclusion is asserted in the prior litigation; and (3) the determination of the issue in the prior litigation must have been a critical and necessary part of the judgment in the earlier action." Trevino v. Gates, 99 F.3d 911, 923 (9th Cir. 1996). The doctrine applies only if the issue was "actually litigated" in the prior case. Franco v. Selective Ins. Co., 184 F.3d 4, 9 (1st Cir. 1999). "Recognizing that the doctrine places termination of litigation ahead of the correct result, the application of collateral

estoppel has been narrowly tailored to ensure that it applies only where the circumstances indicate the issue estopped from further consideration was thoroughly explored in the prior proceeding, and that the resulting judgment thus has some indicia of correctness." Johnson v. Watkins, 101 F.3d 792, 795 (2d Cir. 1996). Moreover, "for any claim to be barred..., the plaintiff must have had the opportunity to raise the claim in the first proceeding." DeSario v. Thomas, 139 F.3d 80, 87 (2d Cir. 1998).

"Factors to be considered in determining whether there was such a full and fair opportunity to litigate include, inter alia, the nature of the forum; the importance of the issue in the prior proceeding; the incentive and initiative to litigate the issue and the actual extent of such litigation; the competence and expertise of counsel; the availability of new evidence; and the foreseeability of future litigation." Schweizer v. Mulvehill, 93 F. Supp. 2d 376, 390 (S.D.N.Y. 2000), citing cases.

In West v. Ruff, 961 F.2d 1064 (2d Cir. 1992), the plaintiff brought a Section 1983 action against prison officials for deliberate indifference after having lost a *pro se* negligence trial in state court arising from the same incident. His *pro se* status and lack of an opportunity to prepare and present his claims in a meaningful manner prompted the Second Circuit to hold that the plaintiff was

not collaterally estopped from pursuing his civil rights claim by the adverse result of his state negligence action.

Obviously, these cases closely approximate the facts in this one.  It would be unconscionable to permit this well-represented institutional defendant to take advantage both of the plaintiff's previous *pro se* status and the Second Circuit's unusually harsh application of a highly technical procedural rule to preclude the plaintiff from ever getting an adjudication of his claims on their merits.

The defendants also claim the benefit of the doctrine of res judicata, also based on the Second Circuit's technical affirmance in *Dittes*.  The res judicata doctrine holes that "once a claim is brought to a final conclusion, all other claims arising out of the same transaction or series of transactions are barred, even if based upon different theories or if seeking a different remedy....Following a valid final judgment, therefore, res judicata bars future litigation between the same parties, or those in privity with them, on the same cause of action."  Ferris v. Cuevas, 118 F.3d 122, 126 (2d Cir. 1997), quoting New York law.

"Res judicata requires the satisfaction of four elements:  (1) the prior suit must have ended with a judgment on the merits; (2) the parties must be identical or in privity; (3) the suit must be based on the same cause of action; and (4) the plaintiff must have had a full and fair opportunity to litigate the claim in the prior

suit." <u>Nwosun v. General Mills Restaurants, Inc.</u>, 124 F.3d 1255, 1257 (10th Cir. 1997).

"It is well settled in this circuit that literal privity is not a requirement for res judicata to apply. ... Instead, a party will be bound by the previous judgment if his 'interests were adequately represented by another vested with the authority of representation.'" <u>Monahan v. New York City Dept. of Corrections</u>, 214 F.3d 275, 285 (2d Cir. 2000) (holding officers bound under res judicata by prior holding in similar suit brought by president of their union). Quoting <u>Alpert's Newspaper Delivery, Inc. v. The New York Times Co.</u>, 876 F.2d 266, 270 (2d Cir. 1989). "Whether there is privity between a party against whom claim preclusion is asserted and a party to prior litigation is a functional inquiry in which the formalities of legal relationships provide clues but not solutions." <u>Chase Manhattan Bank, N.A. v. Celotex Corp.</u>, 56 F.3d 343, 346 (2d Cir. 1995). "[I]n determining whether two parties are in privity, courts often look to the commonality of their interest in the matter." <u>Doe v. Urohealth Systems, Inc.</u>, 216 F.3d 157, 162 (1st Cir. 2000).

The employees of a municipality have repeatedly been held **not** "in privity" with the municipality itself, so that a final judgment in an action against one is no bar to relitigation against the other. Thus, a judgment involving officials "in their official capacities" is no bar to litigation against those same officials "in their

individual capacities".  Roy v. City of Augusta, 712 F.2d 1517, 1521-22 (1st Cir.

1983); Andrews v. Daw, 201 F.3d 521 (4th Cir. 2000); Unimex, Inc. v. HUD, 594

F.2d 1060, 1061 n.3 (5th Cir. 1979) (per curiam); DeLlano v. Berglund, 183 F.3d

780, 781 (8th Cir. 1999); Headley v. Bacon, 828 F.2d 1272 (8th Cir. 1987).

There are two reasons why res judicata does not bar this action.  First, the

plaintiff *could not* litigate this case against these defendants in *Dittes* because

the district court refused to permit him to do so.  Second, both for that reason

and because he lost *Dittes* in the Second Circuit on only the most technical

procedural grounds, while representing himself *pro se*, he did not have a full and

fair opportunity to litigate *Dittes*.

The motion for summary judgment must be denied.

Respectfully submitted:


_____
JOHN R. WILLIAMS (ct00215)
51 Elm Street
New Haven, CT 06510
(203) 562-9931
FAX:  (203) 776-9494
E-Mail: jrw@johnrwilliams.com
His Attorney


CERTIFICATION OF SERVICE

On the date above stated, copies hereof were mailed to Jeffrey R. Babbin, Esq., and William J. Doyle, Esq., at Wiggin & Dana, P. O. Box 1832, New Haven, CT 06508-1832; and Jeffrey P. L. Tibbetts, 1021 Arlington Boulevard, Apt. 822, Arlington, VA 22209.


_____
JOHN R. WILLIAMS