UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

FILED

2004 DEC -7  P 12: 03

U.S. DISTRICT COURT
HARTFORD, CT.

JEFFREY TIBBETTS,
    Plaintiff

v.

PRESIDENT & FELLOWS
OF YALE COLLEGE, ET AL,
    Defendants

No. 301-CV-1763 (CFD)

December 7, 2004

## NOTICE OF REMOVAL OF JOHN WILLIAMS AS COUNSEL OF RECORD

THE COURT WILL PLEASE TAKE NOTICE that John R. Williams has been removed as counsel of record in the above-captioned case. The removal has occurred for the reasons set forth in plaintiff's communication, dated December 6, 2004 (attached hereto as Exhibit 1), and for violations of applicable provisions under the Connecticut Rules of Professional Conduct.

The Court will please address all further notice to the plaintiff at the below address.

Respectfully submitted,

Jeffrey R. Tibbetts
1021 Arlington Blvd., #822
Arlington, VA 22209
(703) 625-8718
Email: Tibbetts@aya.yale.edu

**Tibbetts, Geoffrey**

To:     jrw@johnrwilliams.com'
Subject:    FW: FINAL NOTICE OF TERMINATION 12/6/04

-----Original Message-----
From:    Tibbetts, Geoffrey
Sent:    Thursday, December 02, 2004 5:34 PM
To:      'John Williams (jrw@johnrwilliams.com)'
Subject: FINAL NOTICE OF TERMINATION

Mr. Williams:

I am going to give us until December 6, 2004, to work out all the problems related to your representation of me in my litigation against Yale. I am very dissatisfied with the level of representation to this date. Your continued refusal to allow me to review pleadings before you submit them is very troubling. Moreover, there has been no meaningful consultation or planning with me on any of the pending matters. Further, communications between us for past five months have turned decidedly hostile, which is obviously detrimental to my legal interests.

I want an attorney who will zealously litigate my action against Yale. I have not received this from you. You insist, for example, that you file all pleadings *without* any consultation with me. I have told you repeatedly that this is unacceptable. I require full and complete consultation on all pleadings *before* you file anything. This is a black-letter requirement. I have further stated that the present situation is intolerable, and I have even stopped payment to you until this matter is corrected. Nonetheless, you persist in filing pleadings without my consultation or agreement. Even after they are filed, you refuse to correct factual and legal errors that you have introduced in the pleadings.

As a case in point, let's take your most recent filing on November 19, 2004. This pleading does *nothing* to address Yale's supplemental motion for summary judgment on intentional infliction of emotional distress, as it relates to my bankruptcy filing in Virginia. The simple answer to this motion is that *res judicata* does not apply because the matter is still pending before the U.S. Court of Appeals for the Fourth Circuit (No. 04-2055). At a minimum, Yale's motion is premature. You have completely failed to mention anything about this. You again did not contact me before you filed, despite my request that you do so. Instead, you simply dusted off an older pleading (which I had also objected to) and filed that one all over again! *This level of representation and lack of communication is completely unacceptable.*

At this point, *we have no further contract for representation*. You are *not* authorized to file anything else on my behalf. I have repeatedly asked you to correct this matter so that I know exactly what you're doing, but instead I've only received combative and condescending responses. You even threatened me with criminal charges because I stopped payment to you--although I certainly have a legitimate reason to express my dissatisfaction with your level representation. I suspect the Statewide Grievance Committee would be very interested in your threat to me.

Even as far back as August 19, 2004, I informed you that you would be terminated *unless we could agree on exactly what your terms of representation would include*. This never happened; and you were less than forthcoming in answering any of my concerns in my fax dated August 19, 2004. You have never filed an opposition to Yale's Motion for Summary Judgment in President & Fellows, nor moved the court for a "proper preclusion analysis" in any of the cases with a proper analysis of the Dittes case, or filed proposed findings of fact and conclusions of law in any of these cases. Furthermore, Yale has filed a number of supplemental

1

pleadings which you have simply failed to respond to, and throughout your representation of me, everything has been governed by *how much time and money* it will cost you to file these pleadings--rather than any zealous prosecution of my legal interests.  Indeed, as I have stated for over five months now, you were much more interested in obtaining my $11,750.00 retainer, than in following through with a zealous representation and advocacy of my legal claims.

The deadline for resolving all matters connected with your representation is **Monday, December 6, 2004**.  If these matters are not resolved by that date, I will ask for your resignation and request that you promptly return my retainer.  Please also be advised that if this matter is not resolved amicably and quickly, I will also have no other choice but to file a disciplinary complaint and to seek legal recovery for breach of contract and other applicable remedies.

There has been a complete dissolution of communication and trust over this representation problem.  It is very simple:  you need to work and consult *with me* on this litigation, which you have not done.  It is now expedient that we arrive at a mutually agreeable contract for continued representation, so that my pending claims are not damaged or prejudiced.  In short, your present terms for representation are unacceptable and vague; they *must* be rewritten if your representation is to continue.  If the matter is not resolved by close of business **Monday, December 6, 2004**, you will be terminated for cause and for violations of applicable provisions of the Connecticut Rules of Professional Conduct.

2

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 7th day of December, 2004, a true and correct copy of the foregoing was sent by First Class Mail, postage prepaid, to defendants' counsel of record:

Jeffrey Babbin
Wiggin & Dana
P.O. Box 1832
New Haven, CT  06508-1832

Jeffrey L. Tibbetts