UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY L. TIBBETTS<br>Plaintiff | : |
| | : |
| | : |
| v. | :         Civil Action No. |
| | :         3:01 CV 1763 (CFD) |
| PRESIDENT & FELLOWS, ET AL.,<br>Defendants | : |
| | :         December 13, 2004 |

**PLAINTIFF'S MOTION TO BE RELIEVED OF ERRORS
AND OMISSIONS OF FORMER COUNSEL**

Plaintiff respectfully moves to be relieved of errors and omissions from former counsel,

John Williams.   Counsel had been hired to represent plaintiff in the litigation in *Tibbetts v.*

*Levin.*   Counsel made his appearance on June 11, 2004.   A hearing in *Levin* was held on June

28, 2004.

Thereafter, it was agreed that counsel would represent plaintiff in *Tibbetts v. Stempel*

397CV2561) and *Tibbetts v. Robinson* (397CV 2682).   Counsel made his appearance on July 14,

2004.   Counsel also mistakenly entered an appearance in *Tibbetts v. President and Fellows* (301

CV 1763).   It was never agreed or discussed that counsel would represent plaintiff in *President*

*and Fellows.*   Nevertheless, counsel entered his appearance in *President & Fellows* in error on

the same date, July 14, 2004, as he entered his appearances in *Stempel* and *Robinson.*

Plaintiff then requested that counsel move for a continuance so that a comprehensive

determination of all necessary pleadings could be made in all respective cases.   Counsel filed

this motion for a continuance on July 20, 2004, and the Court granted this motion up to and

including August 16, 2004, with which to file the necessary pleadings.   However, shortly

thereafter, counsel went on vacation and was no longer available by fax or email. Plaintiff requested that somebody in counsel's firm file something to meet the Court's deadline of August 16, 2004. A last minute boiler-plate pleading was filed requesting that discovery be granted in *Stempel, Robinson, Levin* and *President and Fellows*; however, counsel never made any comprehensive determination of all the necessary pleadings that needed to be filed in these cases.

Thereafter, nothing else was filed in these cases, with the exception of one pleading on November 16, 2004. This pleading was filed in direct response to the Court's order because defendants had filed supplemental motions for summary judgment, to which counsel had failed to respond. Thus, in *Levin*, counsel filed his appearance and a memorandum in opposition to defendants' motion for summary judgment and a statement of material facts; in *Stempel*, counsel filed his appearance and supplemental motion for discovery; in Robinson, counsel filed an appearance and the same supplemental motion for discovery as in *Stempel*; and in *President and Fellows*, counsel filed an appearance and the very same supplemental motion for discovery that was filed in *Stempel* and *Robinson*. The foregoing constituted the full extent of filings by counsel in this litigation.

Accordingly, plaintiff has moved to be relieved of the errors and omissions of counsel and his obligations for filing certain pleadings, which were never filed. Plaintiff' herein notes the omissions of counsel and proposes the following immediate schedule to complete these filing requirements.

On June 28, 2004, in *Levin*, the Court ordered plaintiff and defendants to file a joint Proposed Findings of Fact and Conclusions of Law. However, plaintiff's counsel failed to file this pleading. Defendants' counsel did not raise this issue because it was not in the best interest of the defendants to have any further review of the factual and legal issues in this case, which

would show that the underlying case in *Dittes* never dealt with the issues put forth in *Levin*. Likewise, after plaintiff's counsel entered his appearance in *Stempel* and *Robinson*, plaintiff reasonably expected that counsel would also make Proposed Findings of Fact and Conclusions of Law in these cases as well, but this never happened either. Accordingly, plaintiff proposes to consult and confer with defendants' counsel in order to file Proposed Findings of Fact and Conclusions of Law in each of these cases. Plaintiff proposes that these pleadings be filed within two weeks of the within motion, or by **December 27, 2004**.

On June 28, 2004, the Court ordered the plaintiff to file an opposition to defendant's motion for summary judgment in *President and Fellows*. The Court also ordered plaintiff to file a supplemental memorandum in support of a default in this case for defendants' evasion of service of process. Plaintiff was in the process of preparing both of these pleadings when his counsel mistakenly filed his appearance in this case. Plaintiff informed counsel of the need to file responsive pleadings, as listed above, but counsel failed to follow through with his commitment. Accordingly, plaintiff proposes to file the supplemental memorandum for a default for defendants' evasion of service of process in President and Fellows by **Thursday, December 16, 2004**. Plaintiff also proposes to file his opposition to defendants' motion for summary judgment in President and Fellows by **Tuesday, December 21, 2004**.

Finally, plaintiff had requested of counsel that he move for a "preclusion analysis" in *Levin, Stempel, Robinson* and *President & Fellows*. A motion for "preclusion analysis" would benefit the Court and all parties wherein there could be an exact determination of what transpired in *Dittes* trial, so that a fair and balanced assessment could be rendered of what claims, if any, were truly barred under the defendants' claim of *res judicata* and collateral estoppal. Once again, plaintiff's counsel failed to this. Instead, he argued that plaintiff's position was sufficient

that he had been improperly precluded from amending or consolidating his complaint in *Dittes*, and this was sufficient to withstand defendants' motion for summary judgment in *Levin, Stempel* and *Robinson*. Counsel did not want to undertake a "preclusion analysis" because it would be time consuming and because he did not want to hurt Judge Covello's feelings, and because Judge Covello's chambers were adjacent to the chambers of the Honorable Christopher Droney. Plaintiff disagreed and said that there was no case law which supported no "preclusion analysis" because it could hurt a judge's feelings or because of the proximity of judge's chambers. To the contrary, the Supreme Court and the Second Circuit have mandated that a "preclusion analysis" is required when issues of *res judicata* and collateral estoppal have been raised. *See Flaherty v. Lang*, 199 F.3d 607, 613 (2d Cir. 1999) ("the obvious starting point in any preclusion analysis is a determination of the issues that were litigated in the first action") (citing *McNellis v.First Fed'l Sav. & Loan Ass'n of Rochester*, 364 F.2d 251, 255 (2d Cir. 1966). Moreover, when a party moves for issue preclusion, "the burden is on the defendant to demonstrate that the issue whose relitigation he seeks to foreclose was actually decided in the first proceeding." *Schiro v. Farley*, 510 U.S. 222, 233, 114 S.Ct. 783 (1994). Indeed, as the Second Circuit has made clear, "[t]he party asserting preclusion *bears the burden of showing with clarity and certainty what was determined by the prior judgment*," and "issue preclusion will *apply only if it is quite clear that this requirement has been met*." *BBS Norwalk One, Inc. v.Raccolta, Inc.*, 117 F.3d 674, 677 (2d Cir. 1997).

Accordingly, since defendants have not yet moved for a "preclusion analysis" in these cases, where it is their burden to show "with clarity and certainty what was determined by the prior judgment," plaintiff has now moved for this prerequisite, so that any subsequent findings

on this matter can follow the rationale expressed by the Supreme Court in *Schiro*, and the decisions affirmed by the Second Circuit in *Raccolta, Flaherty, and McNellis*.

In summary, plaintiff has been substantially prejudiced by the representation of his former counsel in these cases. Plaintiff paid over $12,000.00 for this representation. However, plaintiff now moves to be relieved from counsel's errors and omissions, and requests a reasonable time in which to correct the aforementioned oversights. Defendants will not be prejudiced in the slightest from plaintiff's reasonable request to file the necessary pleadings in these cases.

Respectfully submitted,

Jeffrey L. Tibbetts
1021 Arlington Blvd., #822
Arlington, VA 22209
(703) 625-8718

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 13th day of December, 2004, a true and correct copy of the foregoing was sent by First Class Mail, postage prepaid, to defendants' counsel of record:

Jeffrey Babbin
Wiggin & Dana
P.O. Box 812
New Haven, CT 06508-1832