UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY L. TIBBETTS, | ) |
| *Plaintiff* | ) ) ) |
| v. | ) 301CV01763 (CFD) |
| PRESIDENT AND FELLOWS OF YALE COLLEGE, et al | ) ) ) ) |
| *Defendants* | ) December 21, 2004 |

### PLAINTIFF'S MOTION TO DEFAULT DEFENDANT LEVIN

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff moves to default Defendant RICHARD LEVIN for a three-and-a-half-year failure to answer, respond or otherwise plead to the complaint. In support of this motion, the Court is respectfully shown as follows:

1. The instant complaint was filed on September 19, 2001. Dkt. No. 1.

2. On October 8, 2001, the National Law Journal published an article on this case. The NL Journal contacted Yale and its response was incorporated into its published article.

3. On October 15, 2001, service of process was attempted on the Yale Office of General Counsel ("OGC"), but the process server was told to return on October 17, 2001.

4. On October 17, 2001, Defendant HAROLD ROSE, an appointed agent who is authorized to accept service of process for YALE, reviewed and accepted process for Defendant LEVIN.

5. After accepting this process, ROSE then directed the process server to *also* serve Defendant LEVIN with personal "in-hand" service.

6. Process server received a letter, drafted by Defendant ROSE, certifying that Defendant LEVIN had been served in his personal capacity as President of Yale University.

7. Service of process for LEVIN was valid upon ROSE under F.R.Civ.P. 4(e). This rule states that "service upon an individual . . . may be effected in any judicial district of the United States . . . . by delivering a copy of the summons and of the complaint . . . to an agent authorized by appointment or by law to receive service of process."

8. ROSE is an agent duly "authorized by appointment . . . to receive service of process" for Defendant YALE UNIVERSITY.

**ORAL ARGUMENT REQUESTED**

9. The Return of Service for Defendant LEVIN was returned as executed to this Court on November 15, 2001.

10. On November 16, 2001, Defendant LEVIN failed to respond to the complaint within the required 20 days.

11. On November 27, 2001, Defendants DOYLE and BABBIN made a general appearance as counsel for Defendant LEVIN. YALE's counsel failed to raise any issue about insufficiency of service of process for any defendant.

12. Even if service on LEVIN was defective in some way, defendants' general appearance, through counsel on November 27, 2001, *cured any defects in the above service of process*.

13. On November 30, 2001, Yale's counsel requested additional time to answer the complaint for Defendant LEVIN.

14. On December 3, 2001, Yale's counsel filed a supplemental motion to extend time to answer and respond to the complaint for LEVIN.

15. On December 12, 2001, for the first time, YALE's attorneys claimed that the Court did not have jurisdiction over LEVIN—because LEVIN was allegedly not served with process, and thus he was under no obligation to answer, plead or otherwise defend in this action.

16. On May 15, 2002, the Court ordered YALE to show cause as to why it should not be held in contempt of court for failing to comply with this Court's processes.

17. On June 4, 2002, Yale's attorneys' responded that the Yale OGC did not have authority to accept service of process for YALE or LEVIN--thus, the defendants were under no obligation to respond to the complaint.

18. The Court, nevertheless, saw through the defendants' transparent and meritless argument, and ordered Defendant YALE to file an answer. However, YALE only filed an answer for the institution which did not include any appearance or answer for LEVIN, the PRESIDENT AND FELLOWS or any other individually named defendant.

19. Today, *more than three-and-a-half years* after Defendant LEVIN was served with process, he *still* has not answered or responded to this complaint.

20. Accordingly, plaintiff provides irrefutable proof that the Yale OGC does have *authority* to accept service of process for both defendants YALE and LEVIN. In further support of this motion, the Court is respectfully directed to the Memorandum of Law in Support of Default and Contempt of Court, filed on December 17, 2001.

**ORAL ARGUMENT REQUESTED**

WHEREFORE, Defendant RICHARD LEVIN having been duly served with process through an appointed agent (ROSE) under F.R.Civ.P. 4(e), and where Defendant LEVIN is not an infant nor an incompetent, where he has failed to plead or respond to this complaint for more than *three-and-a-half years*, a default should be entered against him pursuant to Rule 55 of the Federal Rules of Civil Procedure.

Respectfully submitted,

_____
Jeffrey L. Tibbetts
1021 Arlington Blvd., #822
Arlington, VA 22209
(703) 522-0321

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY a copy of the foregoing was sent by regular mail, postage pre-paid, on this 21st day of Dec., 2004, to defendants' counsel of record:

Jeffrey Babbin
WIGGIN & DANA
One Century Tower
New Haven, CT 06508.

_____
Jeffrey L. Tibbetts

**ORAL ARGUMENT REQUESTED**