UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

**FILED**

| | |
|---|---|
| JEFFREY L. TIBBETTS, ) | 2004 DEC 22 P 12: 03 |
| ) | |
| Plaintiff ) | U.S. DISTRICT COURT |
| v. ) | 301CV01763 (CFD), CT. |
| ) | |
| PRESIDENT AND FELLOWS OF ) | |
| YALE COLLEGE, et al ) | |
| Defendants ) | December 21, 2004 |

## PLAINTIFF'S MOTION TO DEFAULT THE PRESIDENT AND FELLOWS OF YALE COLLEGE

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff moves to default Defendant PRESIDENT AND FELLOWS OF YALE COLLEGE for a three-and-a-half-year failure to answer, respond or otherwise plead to this complaint. In support of this motion, the Court is respectfully shown as follows:

1. The instant complaint was filed on September 19, 2001. Dkt. No. 1.

2. On October 8, 2001, the National Law Journal published an article on this case. The NL Journal contacted Yale and its response was incorporated into the article.

3. On October 15, 2001, service of process was attempted on the Yale Office of General Counsel ("OGC"), but the process server was told to return on October 17, 2001.

4. On October 17, 2001, Defendant HAROLD ROSE, an appointed agent who is authorized to accept service of process for YALE, reviewed and accepted process for the PRESIDENT AND FELLOWS OF YALE COLLEGE.

5. Service of process for the PRESIDENT AND FELLOWS OF YALE COLLEGE was valid upon ROSE under F.R.Civ.P. 4(e), which provides that "service upon an individual . . . may be effected in any judicial district of the United States . . . . by delivering a copy of the summons and of the complaint . . . to an agent authorized by appointment or by law to receive service of process."

6. ROSE is an agent who is duly "authorized by appointment . . . to receive service of process" for the PRESIDENT AND FELLOWS OF YALE COLLEGE.

7. On November 15, 2001, the summons was returned executed as to the PRESIDENT AND FELLOWS OF YALE COLLEGE.

**ORAL ARGUMENT REQUESTED**

8. On November 16, 2001, the PRESIDENT AND FELLOWS OF YALE COLLEGE failed to respond to the complaint within the required 20 days.

9. On November 27, 2001, Defendants DOYLE and BABBIN ("YALE'S attorneys") made a general appearance as counsel for the PRESIDENT AND FELLOWS OF YALE COLLEGE. Yale's counsel raised no issue about insufficient service of process for the PRESIDENT AND FELLOWS, or any other defendant for that matter.

10. Even if service on the PRESIDENT AND FELLOWS was defective in some way, the defendants' general appearance, through counsel on November 27, 2001, *cured any defects in the above service of process*.

11. On November 30, 2001, YALE's attorneys requested additional time to answer the complaint on behalf of the PRESIDENT AND FELLOWS OF YALE COLLEGE.

11. On December 3, 2001, YALE'S attorneys filed a supplemental motion to extend time to answer and respond to the complaint for the PRESIDENT AND FELLOWS OF YALE COLLEGE.

12. On December 12, 2001, YALE's attorneys for the first time claimed that this Court did not have jurisdiction over the PRESIDENT AND FELLOWS because they allegedly had never been served with process, and therefore they were under no obligation to answer, plead or otherwise defend in this action.

13. On May 15, 2002, the Court ordered the PRESIDENT AND FELLOWS OF YALE COLLEGE to show cause as to why they should not be held in contempt of court for failing to comply with the court's processes.

14. On June 4, 2002, the PRESIDENT AND FELLOWS OF YALE responded that the Yale OGC did *not have authority* to accept service of process--therefore, these defendants were under no obligation to respond to the complaint.

15. The Court, nevertheless, saw through the defendants' transparent and meritless argument, and ordered Defendant YALE to file an answer. However, YALE only filed an answer for the institution which did not include any appearance or answer for the PRESIDENT AND FELLOWS or any other individually named defendant.

16. YALE's attorneys have made it clear that the filing of an answer for YALE UNIVERSITY only encompasses the institution--but not the names of the PRESIDENT AND FELLOWS.

17. Leglislative history for YALE UNIVERSITY and the PRESIDENT AND FELLOWS OF YALE shows that the institution of YALE cannot be separated from the PRESIDENT AND FELLOWS. Thus, YALE's appearance for just the institution means that the PRESIDENT AND FELLOWS have not yet filed an answer to the complaint.

**ORAL ARGUMENT REQUESTED**

18.     Plaintiff had previously represented that this lawsuit was only against the PRESIDENT AND FELLOWS in their "official capacities." However, a legislative review of the charter and incorporation of YALE UNIVERSITY shows that Colony of Connecticut did *not* distinguish between individual and official capacities for the PRESIDENT AND FELLOWS. Instead, it appears the authority vested in the PRESIDENT AND FELLOWS was intended to be in *both their individual and official capacities*. Further, no subsequent legislation or act of Connecticut has changed this vestment of authority. Thus, plaintiff now revises his previous position and states that this lawsuit is against the PRESIDENT AND FELLOWS in their official *and* individual capacities, because this interpretation is correct and in line with the context of the incorporation of this university and its directors by the Colony and State of Connecticut.

19.     Regardless of this legislative interpretation, three-and-a-half years after the PRESIDENT AND FELLOWS were served with process, they *still* have not answered or responded to this complaint in either their official or individual capacities.

20.     Plaintiff provides irrefutable proof that the Yale OGC does have *authority* to accept service of process for the PRESIDENT AND FELLOWS. Moreover, that Yale's subsequent denial of this authority and attempt to separate the PRESIDENT AND FELLOWS from the institution of YALE UNIVERSITY constitutes a common law fraud and contempt of court, in violation of 18 U.S.C. § 401. In further support of this motion, the Court is respectfully directed to the Memorandum of Law in Support of Default and Contempt of Court, which was filed on December 17, 2001.

WHEREFORE, the PRESIDENT AND FELLOWS OF YALE COLLEGE having been served with process through an appointed agent (ROSE) pursuant to F.R.Civ.P. 4(e), and where the PRESIDENT AND FELLOWS are neither infants nor incompetents, and the PRESIDENT AND FELLOWS OF YALE COLLEGE have separated themselves from the institution of YALE UNIVERSITY and have failed to plead or otherwise respond to this complaint after three-and-a-half-years, a default should be entered against them pursuant to Rule 55 of the Federal Rules of Civil Procedure.

Respectfully submitted,

*[signature]*

Jeffrey L. Tibbetts
1021 Arlington Blvd., #822
Arlington, VA  22209
(703) 522-0321

**ORAL ARGUMENT REQUESTED**

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY a copy of the foregoing was sent by regular mail, postage pre-paid, on this 21st day of Dec., 2004, to defendants' counsel of record:

Jeffrey Babbin
WIGGIN & DANA
One Century Tower
New Haven, CT 06508.

_____
Jeffrey L. Tibbetts

**ORAL ARGUMENT REQUESTED**