UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY P.L. TIBBETTS, : | CIVIL ACTION NO. |
| : | 3:01CV01763 (CFD) |
| Plaintiff, : | |
| : | |
| vs. : | |
| : | |
| PRESIDENT AND FELLOWS OF YALE : | |
| COLLEGE, ET AL., : | |
| : | |
| Defendants. : | |
| : | DECEMBER 15, 2004 |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO BE RELIEVED
OF ERRORS AND OMISSIONS OF FORMER COUNSEL**

Defendant Yale University (a/k/a the corporate entity of the President and Fellows of Yale College, including Yale Corporation) ("Yale") opposes plaintiff's motion filed on December 13, 2004. Plaintiff asks the Court to wipe the slate clean—to pretend that the parties have not been litigating this case, and plaintiff's related cases, for years and to let plaintiff start all over again. His premise for this request is that he is dissatisfied with how his chosen attorney has pursued these civil actions and that he, proceeding *pro se*, can do better and should therefore be given a chance to re-do the work of his lawyer.

The Court should reject plaintiff's request. Yale's dispositive motions in this and the related actions have been pending for a long time. Plaintiff has had numerous opportunities to file responses to those motions. In this docket alone, plaintiff's motion to dismiss under Rule 12(b)(6) has been pending since May 9, 2003 (doc. #44). The Court granted plaintiff, when he was *pro se*, multiple extensions of time to respond to the motion to dismiss. *See* docs. #47, #48.

The parties' joint status report of March 16, 2004 (doc. #57) acknowledged that the motion was pending. At the hearing held on June 28, 2004 (over a year after Yale moved to dismiss), the Court orally authorized plaintiff to take *one additional week* to file a response to the motion to dismiss, at which point the motion would be submitted for decision. Plaintiff filed nothing. By plaintiff's own concession in his new motion of December 13, 2004, he did not at the time intend to have new counsel appear in this docket to address the motion to dismiss. (In any event, attorney John Williams did not file an appearance until after the expiration of the one-week filing deadline.) So plaintiff deliberately let the time for a response expire without making any *pro se* filing opposing the motion to dismiss. Why he should be entitled to yet another opportunity to make a *pro se* response is nowhere explained in his current motion.

This Court held the hearing on June 28, 2004, specifically to address what further opportunities there should be to file additional briefs, and plaintiff was in attendance at that hearing (both Jeffrey Tibbetts himself and attorney John Williams). Although he did so after the deadline set at the June 28 hearing, plaintiff did later file additional papers through counsel once counsel filed his appearance ten days after the June 28 hearing.[1] Plaintiff's new motion states that he read those papers at the time they were filed—he was, after all, listed on his counsel's certificate of service on each filing. At no time until now, many months later, did plaintiff say anything about the supposed inadequacy of those filings or the need for further filings either by counsel or by himself acting *pro se*.

---

[1] Plaintiff contends that he authorized counsel to file an appearance only in other, related cases and not in *this* case. Yet, his own motion concedes that he was aware of counsel's appearance in *this* docket and that plaintiff discussed strategy with counsel for this very case. So whatever confusion or disagreements there may initially have been, plaintiff affirmatively acquiesced in counsel's appearance in, and handling of, plaintiff's lawsuit in this docket.

2

It is clear from this record that the Court has shown great patience with plaintiff, both when he was *pro se* and when he had counsel. Plaintiff has been treated fairly at all times. He cannot properly complain that he has not been able to present whatever arguments he might have in this case.[2]

A *pro se* plaintiff is often given latitude by a court, and this Court is no exception. But a *pro se* plaintiff cannot repeatedly ignore judicial deadlines. Plaintiff also has had the benefit of counsel in this case for several months after the June 28 hearing, so he can no longer point to his renewed *pro se* status as a reason for further leniency. It is not the role of the Court, in the context of this case, to assess the adequacy of counsel's representation of plaintiff or to act as referee between a lawyer and his client. To let plaintiff switch back and forth between appearing *pro se* and appearing through counsel, and to reopen the briefing schedule after each switch, is unfairly prejudicial to Yale. Yale is entitled to some finality on its motion to dismiss, and plaintiff's repeated efforts to keep that motion in play as long as possible should not be tolerated. There is no basis for reopening the briefing schedule.[3] The dispositive motion has already been submitted for decision by the Court. The Court should deny plaintiff's motion dated

---

[2] Plaintiff complains that his counsel has not filed further briefs regarding a summary judgment motion or regarding "defendants' evasion of service of process." However, there is no summary judgment motion pending in this docket—only a motion to dismiss under Rule 12(b)(6). The Court can decide the purely legal issues raised by that motion without further briefing from the plaintiff acting *pro se*. Also, there is no pending issue regarding any supposed evasion of service of process. The Court already resolved service of process issues following the hearing held on February 14, 2003, leading to the undersigned counsel's appearance for Yale on April 25, 2003. Finally, plaintiff's discussion of other motions relates to other dockets, not this one.

[3] The Court, on December 14, 2004, granted plaintiff's "emergency motion" of December 7, 2004, giving plaintiff until December 14, 2004 "to respond to any pending motions that have not been completely answered" by former counsel—using plaintiff's words from his motion. Thus, plaintiff has this one additional opportunity to file a response, but he should receive no more. After December 14, 2004, plaintiff must do nothing except await a decision on the motion to dismiss.

December 13, 2004, and should proceed to decide Yale's dispositive motions in this and the related cases.

                                  Respectfully submitted,

                                  DEFENDANT
                                YALE UNIVERSITY

By:    /s/ Jeffrey R. Babbin
                                William J. Doyle (ct04190)
                                  wdoyle@wiggin.com
                                Jeffrey R. Babbin (ct10859)
                                  jbabbin@wiggin.com
                                Wiggin and Dana LLP
                                Its Attorneys
                                One Century Tower
                                P.O. Box 1832
                                New Haven, CT 06508-1832
                                (203) 498-4400
                                (203) 782-2889 (fax)

## **CERTIFICATION**

This is to certify that on this 15th day of December, 2004, a copy of the foregoing was mailed, postage prepaid, to:

John R. Williams, Esq.
Williams & Pattis
51 Elm Street, Suite 409
New Haven, CT 06510

Jeffrey L. Tibbetts
1021 Arlington Blvd., #822
Arlington, VA 22209
*Pro se appearance of plaintiff*

_____
Jeffrey R. Babbin

\490\171\505242.1