UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY P.L. TIBBETTS, | CIVIL ACTION NO. 3:01CV01763 (CFD) |
| Plaintiff, | |
| vs. | |
| PRESIDENT AND FELLOWS OF YALE COLLEGE, ET AL., | |
| Defendants. | JANUARY 11, 2005 |

**DEFENDANTS' CONSOLIDATED OPPOSITION TO
PLAINTIFF'S MOTIONS FOR DEFAULT
AND PLAINTIFF'S MOTION FOR A HEARING**

Defendants oppose the various default-related motions filed by plaintiff on December 22, 2004: (1) Plaintiff's Motion to Default the President and Fellows of Yale College; (2) Plaintiff's Motion to Default Defendant Levin; (3) Plaintiff's Motion to Default Defendant Dittes; (4) Plaintiff's Motion to Default Defendant Ogletree; and (5) Plaintiff's Motion for a Hearing. In addition, this opposition serves as a response to Plaintiff's Memorandum of Law in Support of Defendants' Default and Contempt of Court, filed on December 17, 2004.[1]

---

[1] The December 17, 2004 memorandum appears to have been filed to support the default motions filed five days later on December 22, 2004. The clerk's office, understandably not anticipating the later motions, linked the memorandum on the docket sheet to the only default motion it could find on the docket sheet – a motion from October 2003 (doc. #51) to default different defendants named in the complaint (i.e., Dorothy Robinson, Harold Rose, Wiggin & Dana, William Doyle and Jeffrey Babbin). Those defendants have never appeared in this action, and the court docket does not appear to contain any evidence of service of process on them. Plaintiff has again, on December 22, 2004 (in doc. #79), moved for relief against those same defendants as in doc. #51, this time asking for an order for the taxation of costs for service of process in advance of effecting service. The undersigned defendants are not responding to that motion and take no position on it, as that motion is not directed at them.

The Court should deny plaintiff's motions, which seek to replay and change history. At the outset of this case in 2001, plaintiff filed a similar default motion against these same defendants (doc. #8). The undersigned defendants then appeared through counsel for the purpose of objecting to the default motion. They filed a memorandum, with supporting affidavits, opposing default, as they had not been properly served with process (doc. #s 14, 15, 16). On September 30, 2002, the Court, by endorsement order, denied the motion for default.[2]

Plaintiff nevertheless then sought to obtain "discovery" on the question of service of process by serving subpoenas and by filing motions to hold defendants in contempt. *See, e.g.*, Motion to show cause why defendants should not be held in contempt (doc. #33), which defendants opposed (doc. #34). Because of plaintiff's continuing efforts to press the question of service of process, the Court held argument on the question – including the contempt motion – on February 14, 2003 (docket entry #38). At the oral argument, defense counsel made clear that Yale University's Office of General Counsel ("OGC") was always willing to and would accept service of process on the university as a corporate entity but would not accept service to the extent that plaintiff's goal was to bring into the lawsuit each and every individual member of the university's governing body; plaintiff would have to separately serve each individual with personal service if plaintiff wished to impose personal liability.[3] Defense counsel also explained

---

[2] Plaintiff sought clarification (doc. #32), which the Court denied by endorsement order on September 16, 2003.

[3] Plaintiff had taken the position that Yale University is equivalent to the President and Fellows of Yale College, which is how that defendant is described in the complaint. That is in fact true. But what plaintiff misunderstands is that the President and Fellows of Yale College is just a legal description for the same non-profit, *corporate* entity also legally known as Yale University. His own cited authorities say this in his newly filed memorandum of December 17, 2004. Defendants also explained this in some detail in a supplemental, post-argument memorandum filed on February 28, 2003 (doc. #39). As that supplemental memorandum made clear, the *individual* president and fellows need not be summoned to court for a court to exercise jurisdiction over the corporate entity of the university.

at the oral argument why no discovery was needed on service of process and why there was no contempt.

During the February 14, 2003 argument, the Court stated to plaintiff that if he chose to seek to impose personal liability on individual defendants, plaintiff would have to serve them individually.[4] Plaintiff then told the Court that his only goal was to impose liability on the university as an entity and that he had (wrongly) *believed* that it was necessary to name and serve the individuals as defendants in order to accomplish that goal. Thus, on March 26, 2003, the Court issued a Ruling (doc. #40) reiterating that (1) there has been no default by anyone;[5] (2) it was now clear that plaintiff sought only to impose liability against the university; and (3) under the circumstances of this case, the Court would consider the efforts made by plaintiff to serve the summons to have been sufficient to serve the university (and only the university) and that the university should appear and defend.[6] The university did just that on April 25, 2003 (doc. #41), filing a new appearance of counsel expressly on behalf of "Yale University (a/k/a the corporate entity of President and Fellows of Yale College, and including Yale Corporation)." The

---

[4] While plaintiff uses a variety of "individual capacity" and "official capacity" labels in his complaint for the individually named defendants, this is not a suit against a governmental entity, and any summons served on an individual officer or trustee of the university for the purpose of making him or her a defendant would necessarily bring that person into the lawsuit in a personal capacity. Unlike in an official capacity suit against a governmental official, here, any successor to the president or to a member of the Yale Corporation (the university's governing body) would not automatically take the place of his predecessor as a defendant.

[5] As mentioned above, the Court had already formally denied the motion for default filed against the undersigned defendants. *See supra* at 2. At the time of the March 26, 2003 Ruling, a different default motion against other individual defendants (who had never appeared for any purpose) remained pending on the docket (doc. #25), and the Ruling denied that motion. Plaintiff has since filed a new default motion (#51), and a motion for taxation of costs (#79), against those other defendants, but those motions are not directed at, and therefore are not addressed by, the undersigned defendants. *See supra* at 1 n.1.

[6] At a later date, on September 16, 2003, the Court formally denied by endorsement order the contempt motion (doc. #33) that was also before the Court at the February 2003 oral argument. The Court denied it as "moot" in light of the Ruling of March 26, 2003.

3

university has since defended against the complaint, filing the pending motion to dismiss under Rule 12(b)(6).

Thus, the Court has already resolved all service of process issues, and plaintiff is having his day in court on the merits of his complaint. Plaintiff's lengthy discussion in his December 17, 2004 memorandum of law about fraud is therefore not only entirely inaccurate and unsubstantiated, but is irrelevant. Although he complains about his inability to summon Yale University to court to respond to the complaint, he has succeeded in doing so. Oddly enough, despite this fact, plaintiff has to date neglected to address the merits of his case by responding to the motion to dismiss despite multiple opportunities to do so; instead, he prefers to dwell – and to dwell forever – on preliminary questions of service of process. Those questions have been resolved and should not be revisited by the Court. There is no default by anyone.[7] The Court should deny the newly filed motions to default the President and Fellows of Yale College, Levin, Dittes and Ogletree. In doing so, the Court should state in the clearest terms that plaintiff may not persist in revisiting without end the same service of process issues. The Court should also then deny as moot the newly filed motion for a hearing.

---

[7] There is also no contempt by anyone, despite the lengthy discussion of contempt in plaintiff's December 17, 2004 memorandum of law. There is no pending motion for contempt.

4

Respectfully submitted,

DEFENDANTS
PRESIDENT AND FELLOWS OF YALE
COLLEGE, RICHARD LEVIN, JAMES
DITTES and THOMAS OGLETREE

By: /s/ Jeffrey R. Babbin

Jeffrey R. Babbin (ct10859)
  jbabbin@wiggin.com
Wiggin and Dana LLP
Their Attorneys
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4400
(203) 782-2889 (fax)

5

## **CERTIFICATION**

This is to certify that on this 11th day of January, 2005, a copy of the foregoing was mailed, postage prepaid, to:

Jeffrey L. Tibbetts
1021 Arlington Blvd., #822
Arlington, VA 22209

_____
Jeffrey R. Babbin

\490\171\508417.1