UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY L. TIBBETTS, | ) |
| *Plaintiff* | ) |
| v. | ) 301CV01763 (CFD) |
| PRESIDENT AND FELLOWS OF YALE COLLEGE, et al | ) |
| *Defendants* | ) December 21, 2004 |

### PLAINTIFF'S MOTION TO DEFAULT DEFENDANT LEVIN

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff moves to default Defendant RICHARD LEVIN for a three-and-a-half-year failure to answer, respond or otherwise plead to the complaint. In support of this motion, the Court is respectfully shown as follows:

1. The instant complaint was filed on September 19, 2001. Dkt. No. 1.

2. On October 8, 2001, the National Law Journal published an article on this case. The NL Journal contacted Yale and its response was incorporated into its published article.

3. On October 15, 2001, service of process was attempted on the Yale Office of General Counsel ("OGC"), but the process server was told to return on October 17, 2001.

4. On October 17, 2001, Defendant HAROLD ROSE, an appointed agent who is authorized to accept service of process for YALE, reviewed and accepted process for Defendant LEVIN.

5. After accepting this process, ROSE then directed the process server to *also* serve Defendant LEVIN with personal "in-hand" service.

6. Process server received a letter, drafted by Defendant ROSE, certifying that Defendant LEVIN had been served in his personal capacity as President of Yale University.

7. Service of process for LEVIN was valid upon ROSE under F.R.Civ.P. 4(e). This rule states that "service upon an individual . . . may be effected in any judicial district of the United States . . . . by delivering a copy of the summons and of the complaint . . . to an agent authorized by appointment or by law to receive service of process."

8. ROSE is an agent duly "authorized by appointment . . . to receive service of process" for Defendant YALE UNIVERSITY.

**ORAL ARGUMENT REQUESTED**