**FILED**
2004 DEC 22 P 12: 02
U.S. DISTRICT COURT
HARTFORD, CT.

UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY L. TIBBETTS, )<br>)<br>*Plaintiff* )<br>)<br>v. )<br>)<br>PRESIDENT AND FELLOWS OF )<br>YALE COLLEGE, et al )<br>*Defendants* ) | 301CV01763 (CFD)<br><br>December 21, 2004 |

*Denied. So ordered.*

## PLAINTIFF'S MOTION TO DEFAULT DEFENDANT OGLETREE

Pursuant to Rule 55(a) of the Federal Rules of Civil Procedure, Plaintiff moves to default Defendant JAMES OGLETREE for a *three-and-a-half-year failure* to answer, respond or otherwise plead to this complaint. In support of this motion, the Court is respectfully shown as follows:

1.  The instant complaint was filed on September 19, 2001. Dkt. No. 1.

2.  On October 8, 2001, the National Law Journal published an article on this case. The NL Journal contacted Yale and its response was incorporated into the article.

3.  On October 15, 2001, service of process was attempted on the Yale Office of General Counsel ("OGC"), but the process server was told to return on October 17, 2001.

4.  On October 17, 2001, Defendant HAROLD ROSE, an appointed agent who is authorized to accept service of process for YALE, reviewed and accepted process for Defendant OGLETREE.

5.  After reviewing and accepting this process, ROSE then misdirected the process server to *also* serve Defendant OGLETREE with personal "in-hand" service.

6.  Service of process for OGLETREE was valid upon ROSE under F.R.Civ.P. 4(e). This rule provides in pertinent part that "service upon an individual . . . may be effected in any judicial district of the United States . . . . by delivering a copy of the summons and of the complaint . . . to an agent authorized by appointment or by law to receive service of process."

7.  ROSE is an agent who is duly "authorized by appointment . . . to receive service of process" for Defendant YALE UNIVERSITY.

**ORAL ARGUMENT REQUESTED**