UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JEFFREY P. L. TIBBETTS,    :
    Plaintiff,    :
        :
v.    :    Civil Action No.
        :    3:01 CV 1763 (CFD)
PRESIDENT AND FELLOWS OF YALE    :
COLLEGE ET AL.,    :
    Defendants.    :

## RULING ON MOTION TO DISMISS AND OTHER MOTIONS

This is the fifth action filed in the District of Connecticut by the plaintiff, Jeffrey Tibbetts ("Tibbetts") against Yale University and various individuals associated with Yale.[1] Pending is the defendants' Motion to Dismiss **[Doc. #44]** the plaintiff's amended complaint [Doc. #23] pursuant to Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief may be granted. Also pending are Tibbetts' Motion for Miscellaneous Relief **[Doc. #49]**, Motion to Withdraw **[Doc. # 50]** and Motion for Entry of Default **[Doc. # 51]**.

In his Motion for Miscellaneous Relief, Tibbetts requested that this Court hold the defendants' Motion to Dismiss in abeyance until the resolution of his appeal in the related matter Tibbetts v. Dittes, 3:95CV00995(AVC), appeal dismissed, 01-7377 (2d Cir. 2003). On September 16, 2003, that appeal was dismissed by the Second Circuit, and, therefore, the plaintiff's motion **[Doc. #49]** is **DENIED**, as moot.

Turning to the remaining motions, the Court finds that, for the following reasons, the

---

[1]The first-filed case, Tibbetts v. Dittes, 3:97CV995 (AVC), was assigned to Judge Covello. The three other actions; Tibbetts v. Stempel, 3:97CV2561(CFD); Tibbetts v. Robinson, 3:97CV2682(CFD); and Tibbetts v. Levin, 3:97CV2683(CFD); were consolidated before this Court, and are referred to here as "the three consolidated cases.".

1

defendants' Motion to Dismiss **[Doc. #44]** is **GRANTED**, and the plaintiff's remaining motions **[Docs. # 50 & 51]** are **DENIED** as moot.

## I. Background

On September 18, 2001, Tibbetts filed the instant action against the President and Fellows of Yale University, several members of the Office of General Counsel of Yale University ("OGC") and members of the law firm representing Yale. On November 21, 2001, Tibbetts filed a five-count amended complaint, which sets forth claims for: (1) fraud on the United States District Court in Tibbetts v. Dittes; (2) "unfair prejudice and surprise"; (3) request for a protective order; (4) fraud on the United States District Court in the three consolidated cases; and (5) "malicious defense" pursuant to Conn. Gen. Stat. § 52-568. In his prayer for relief, Tibbetts requests that this Court set aside the judgment in Dittes, grant him a new trial on the merits, award the damages requested in Dittes, award him punitive damages in the amount of $40,000,000 plus attorney's fees, award him double or treble damages under § 52-568, enter a protective order in his favor and enter an order continuing discovery in the three consolidated cases.[2]

---

[2] The procedural history of Dittes is as follows: The original complaint was filed on May 30, 1995, and the case proceeded to trial in December, 1999. At the close of the evidence, Judge Covello granted the defendants' motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 with respect to two counts. The remaining two counts were submitted to the jury, which returned a defendants' verdict on both counts. On March 29, 2000, Judge Covello rendered judgment in accordance with the jury's verdict. Subsequently, Tibbetts filed a motion for a new trial, a motion to vacate the judgment, a motion for sanctions, and a motion to disqualify the presiding judge. Those motions were denied. On March 30, 2001, Tibbetts filed a notice of appeal with the United States Court of Appeals for the Second Circuit, which indicated that he was appealing several issues, including "the issue of amending a party's pleadings" and "the issue of defendants' fraud in vacating a default judgment."

On February 13, 2002, the defendants' motion to dismiss the Dittes appeal as untimely was denied by the Second Circuit. On September 16, 2003, however, Tibbetts' appeal was

On May 9, 2003, the defendants moved to dismiss each count of the complaint. On July 8, 2003, this Court granted Tibbetts' motion of an extension of time, until July 25, 2003, to respond to the motion to dismiss. On October 8, 2003, Tibbetts filed a motion to hold the motion to dismiss in abeyance pending the resolution of his appeal in Dittes. As noted previously in this ruling, the Dittes appeal has been resolved, and Tibbetts' motion to hold the motion to dismiss in abeyance has been denied. On July 22, 2004, this Court then granted Tibbetts a second motion for extension of time, until August 16, 2004, to respond to pending motions in this case. Due to the subsequent dismissal of Tibbetts' attorney, the Court granted Tibbetts an additional extension of time, until December 14, 2004, to file responses to pending motions in this case. Finally, on January 6, 2005, the Court granted an additional period of time for Tibbetts to respond to the Motion to Dismiss, and also indicated that no response had yet been received. Despite these numerous extensions of time, and the passage of over a year and a half since the original motion to dismiss was filed, Tibbetts has failed to file a response.[3]

## II. Standard of Review

---

dismissed sua sponte due to Tibbetts' failure to abide by the schedule set forth in the Second Circuit's Civil Appeal Management Plan. On December 8, 2003, Tibbetts' motion for reinstatement of his appeal was denied. Consequently, on January 13, 2004, the defendants filed notice that their motion for summary judgement in the three consolidated cases was reinstated. That motion, as well as the supplemental motion for summary judgment, were granted this day by the Court.

[3]"If a complaint is sufficient to state a claim on which relief can be granted, the plaintiff's failure to respond to a Rule 12(b)(6) motion does not warrant dismissal." McCall v. Pataki, 232 F.3d 321, 323 (2d Cir. 2000). At the same time, however, "bald assertions and conclusions of law will not suffice" to withstand a motion to dismiss. Leeds v. Meltz, 85 F.3d 51, 53 (2d Cir. 1996). "When a complaint is based solely on wholly conclusory allegations and provides no factual support for such claims, it is appropriate to grant defendants' motion to dismiss." Scott v. Town of Monroe, 306 F.Supp.2d 191, 198 (D.Conn. 2004) (internal quotation marks omitted).

On a motion to dismiss for failure to state a claim upon which relief can be granted under Fed.R.Civ.P. 12(b), courts are bound to accept as true all factual allegations in the complaint and draw all inferences from those allegations in the light most favorable to the plaintiff. See, e.g., Freedom Holdings, Inc. v. Spitzer, 357 F.3d 205, 216 (2d Cir. 2004). The simplified notice pleading standard employed in federal courts requires that a complaint contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2); see also Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002). "This simplified . . . standard relies on liberal discovery rules and summary judgment motions to define disputed facts and issues and to dispose of unmeritorious claims." Swierkiewicz, 534 U.S. at 512. This is so even if the plaintiff is ultimately unlikely to prevail. "Indeed it may appear on the face of the pleading that a recovery is very remote and unlikely but that is not the test." Branham v. Meachum, 77 F.3d 626, 628 (2d Cir. 1996) (quoting Gant v. Wallingford Bd. of Educ., 69 F.3d 661, 673 (2d Cir. 1995)). Therefore, "[a] district court may grant a motion to dismiss for failure to state a claim only if it appears beyond doubt that the plaintiff can prove no set of facts in support of [her] claim which would entitle [her] to relief." Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)). Otherwise, "claims lacking merit may be dealt with through summary judgment under Rule 56." Swierkiewicz, 534 U.S. at 514.

### III. Discussion

The defendants' have moved to dismiss Tibbetts' entire complaint. Their challenges to each count, however, are based on separate legal rationales. Accordingly, the Court will discuss each count independently.

1) <u>Count One - Fraud Upon the Court</u>

Count One alleges that the defendants committed fraudulent acts in <u>Tibbetts v. Dittes</u>, and requests that "the judgment in <u>Tibbetts v. Dittes</u> be set aside pursuant to Fed.R.Civ.P. 60(b)(3)." Rule 60(b)(3) provides that: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . .(3) fraud (whether heretofore denominated intrinsic or extrinsic), misrepresentation, or other misconduct of an adverse party," so long as the motion is made "not more than one year after the judgment, order, or proceeding was entered or taken." The judgment in <u>Dittes</u> was rendered on February 29, 2000, and entered into the docket on March 30, 2000. The instant motion was filed on September 18, 2001, well-beyond the time limitation set forth in Rule 60(b)(3).

Tibbetts appears to claim that this delay was occasioned by his appeal of the judgment in <u>Dittes</u> to the United States Court of Appeals for the Second Circuit. That is irrelevant to this Court's analysis of his Rule 60(b)(3) motion, as it is well-settled that the one year limitation period governing Rule 60(b) motions for relief from judgment based on fraud is not tolled by the filing of an appeal. <u>See</u> <u>King v. First American Investigations, Inc.</u>, 287 F.3d 91, 94 (2d Cir. 2002) (citing cases). Therefore, Count One is dismissed.[4]

2) <u>Count Two - "Unfair Prejudice and Surprise"</u>

---

[4] Although "Rule 60( b) does not explicitly limit the court in which a motion for relief from judgment may be filed . . . it is clear that the drafters of the rule contemplated that the motion . . . would always be brought 'in the court and in the action in which the judgment was rendered." 12 Moore's Federal Practice 3d. § 60.60[1] (Matthew Bender Ed.). Therefore, it appears that Tibbetts should have brought his Rule 60(b) challenges to the proceedings in <u>Dittes</u> before Judge Covello, and not this Court. However, because they are untimely and thus the merits of the requests are not reached, this Court addresses them. In addition, this suit raises claims relevant to the three consolidated cases, which are pending before this Court.

In Count Two, Tibbetts alleges that he was unfairly prejudiced by Judge Covello's refusal to appoint counsel and his having to proceed pro se, and that he was unfairly surprised by the defendants' various actions in <u>Dittes</u>. Therefore, Tibbetts states that "the judgment in <u>Tibbetts v. Dittes</u> should not be enforced in good conscience and set aside, pursuant to Fed.R.Civ.P. 60(b)(1)." Rule 60(b)(1) provides that: "On motion and upon such terms as are just, the court may relieve a party or a party's legal representative from a final judgment, order, or proceeding for . . . (1) mistake, inadvertence, surprise, or excusable neglect," so long as the motion is made "not more than one year after the judgment, order, or proceeding was entered or taken." As noted previously, Tibbetts' request for relief was filed well beyond the time limitation set forth in Rule 60(b)(1). Accordingly, Count Two is dismissed.

3) <u>Count Three - Request for a Protective Order</u>

In Count Three, Tibbetts claims his educational record, as contained in the public court record in <u>Dittes</u>, is injurious to him, there is no historical significance to his educational record and the public should not be able to access that portion of the record. In his prayer for relief, Tibbetts requests that this Court "[e]nter a protective order sealing the record in <u>Dittes</u> and denying public access to [his] expunged educational record." The defendants claim that Count Three fails to state a claim upon which relief can be granted. Specifically, the defendants claim that they are "unaware of any cause of action that would allow plaintiff in this collateral action to state a claim for entry of a protective order in the earlier <u>Dittes</u> litigation." Tibbetts has failed to identify any authority that supports his request for relief. Accordingly, Count Three is dismissed.

4) <u>Count Four - Fraud on the United States District Court</u>

While Count One alleges fraud in the <u>Dittes</u> action, Count Four alleges fraud in the three

consolidated cases. Specifically, Tibbetts claims that, within those related actions, the defendants made material misrepresentations of law and fact, withheld the trial transcript from Dittes and that this "Court relied on the [d]efendants' material misrepresentations of fact and law, and stayed all discovery in plaintiff's three related actions for over one-and-a-half years." Therefore, Tibbetts requests that this Court "[e]nter an order continuing lawful discovery in the three related cases."

Discovery in the three related actions was stayed by this Court due to pending motions for summary judgement. (See, e.g. 3:97CV2682 (CFD) [Doc.#36]). Within those three actions, Tibbetts has taken advantage of the means of legal recourse available to him and filed both a motion to lift the a motion to lift the stay and a motion for leave to conduct discovery. (See 3:97CV2682 [Docs. #37 & 50] ). Because Tibbetts' motions have been addressed by this Court within the context of those actions, Tibbetts' request for relief in Count Four is inappropriate here. Moreover, the Court notes that Tibbetts' has failed to identify any authority for the proposition that, within the context of this action, this Court could order discovery in those related actions. Therefore, Court Four is dismissed.

5)   Count Five - "Malicious Defense"

In Count Five, Tibbetts alleges that, among other things, the defendants asserted defenses without a good faith basis in fact or law, used dilatory litigation tactics and violated Conn. Gen. Stat. § 52-568 (permitting damages for groundless or vexatious suit) in Dittes. As a result, Tibbetts claims he is entitled to double damages for the defendants' lack of good faith, or treble damages for the defendants' malicious intent "to unjustly vex and trouble him." The defendants contend that Count Five fails to state a claim upon which relief may be granted.

In Connecticut, "[a]ny person who . . . asserts a defense to any civil action or complaint commenced and prosecuted by another (1) without probable cause, shall pay such other person double damages, or (2) without probable cause, and with a malicious intent unjustly to vex and trouble such other person, shall pay him treble damages." Conn. Gen. Stat. § 52-568. "To establish either [a vexatious suit or malicious prosecution] cause of action, it is necessary to prove want of probable cause, malice and a termination of suit in the plaintiff's favor . . . ." Vandersluis v. Weil, 176 Conn. 353, 356, 407 A.2d 982 (1978); Norse Systems, Inc. v. Tingley Systems, Inc, 49 Conn.App. 582, 593, 715 A.2d 807, 815 (1998); see also Paint Products Co. v. Minwax Co., Inc., 448 F.Supp. 656, 658 (D.Conn. 1978) ("It has long been the rule in Connecticut that a claim for vexatious litigation will not lie until the vexatious suit has terminated in favor of defendant").

Count Five fails to state a claim upon which relief may be granted because Tibbetts cannot demonstrate that the alleged vexatious litigation terminated in his favor. Tibbetts v. Dittes was terminated in the defendants' favor. To the extent Tibbetts has raised this in the three consolidated cases, the defendants' motion for summary judgment and supplemental motion for summary judgment in the three consolidated cases were granted this day by the Court. Accordingly, Count Five is dismissed.

6) <u>Independent Action for Fraud on the Court</u>

As noted previously in this ruling, the Court construed Tibbetts' complaint as being brought pursuant to Rule 60(b). Despite the numerous references to Rule 60(b) in the complaint, however, Tibbetts also characterizes his action as an "independent action for the purpose of equitably enjoining and setting aside judgment in [Dittes] on the grounds of fraud. Defendants'

8

fraud constituted an assault on the integrity of the judicial process, defiled the Court, and was perpetrated by the officers of the Court, in such a manner that the impartial system of justice failed to function." Rule 60(b) specifically provides: "This rule does not limit the power of a court to entertain an independent action to relieve a party from a judgment, order, or proceeding . . . or to set aside a judgment for fraud upon the court." See also 12 Moore's Federal Practice 3d. § 60.80 (Matthew Bender Ed.) ("Rule 60(b) merely reserves whatever power federal courts had prior to the adoption of Rule 60 to relieve a party of a judgment by means of an independent action according to traditional principles of equity."). Therefore, Rule 60(b) reserves the rights of aggrieved parties to bring two different types of actions: (1) independent actions to relieve a party from a judgment, order or proceeding; and (2) and independent action to relieve a party for fraud on the court. See 12 Moore's Federal Practice 3d. § 60.81[1][b][v] (distinguishing between the two types of actions). Tibbetts appears to implicate both of these actions in his complaint, and each action will be addressed in turn.

Count Two concerns alleged discovery abuses by the defendants and Judge Covello's failure to rectify those alleged abuses in Dittes, and Count Three concerns the state of the public record in Dittes. Both of these counts could be construed as independent actions for relief from a judgment or order of the court in Dittes. "Generally, claimants seeking equitable relief through independent actions must meet three requirements. Claimants must (1) show that they had no other available or adequate remedy; (2) demonstrate that the movant's own fault, neglect, or carelessness did not create the situation for which they seek equitable relief; and (3) establish a recognized ground--such as fraud, accident, or mistake--for the equitable relief." Campaniello Imports, Ltd. v. Saporiti Italia S.p.A., 117 F.3d 655, 661-62 (2d Cir. 1997). Tibbetts cannot

9

meet the first prong of this test, namely he cannot demonstrate that he had no other available or adequate remedy. Any alleged discovery abuses could have been addressed through Judge Covello, and any claimed failure of Judge Covello to rectify those alleged abuses could have been remedied on appeal to the Second Circuit. Tibbetts did appeal to the Second Circuit in Dittes, and, therefore he already has had his opportunity to challenge any alleged discovery abuses. 12 Moore's § 60.21[4][c] ("If there is a trial, a party has had a full opportunity to challenge the veracity of evidence"). That analysis applies to Tibbetts' claim concerning the public record in Dittes as well. Any concerns Tibbetts had about the state of the public record in that case could have been addressed before Judge Covello or in his appeal. Consequently, to the extent they are independent actions for relief, the Court dismisses Counts Two and Three.[5]

Count One alleges that the defendants' attorneys committed fraud upon the district court in Dittes by the manner in which they presented a matter of evidence to the jury, and Count Four alleges that the defendants' attorneys committed fraud upon the district court in the three consolidated cases by engaging in deliberate and willful misrepresentations to the court.[6] Even

---

[5] Although not subject to the explicit one-year limitation period set forth in Rule 60(b), an independent action may be barred by the doctrine of laches, which serves as a bar when the party seeking relief has not exercised due diligence in presenting its claim or defense, and the opposing party has been prejudiced by such delay. See, e.g., Lockwood v. Bowles, 46 F.R.D. 625, 629 (D.D.C. 1969). Because the defendants have not raised laches as a defense to Tibbetts' action, and Tibbetts cannot meet the standard for bringing an independent action for relief, the Court need not address whether his actions should be precluded by the doctrine of laches.

[6] Unlike a Rule 60(b) motion, there is no time limitation for an independent action for fraud on the court. See Serzysko v. Chase Manhattan Bank, 461 F.2d 699, 702 (2d Cir. 1972) (noting that there is no time limit specified in Rule 60(b) for an independent action for fraud on the court); 12 Moore's § 60.81[1][b][v] (because "it is the integrity of judicial institutions that is paramount to fraud on the court claims, there is no real time limit on relief for fraud on the court"). Tibbetts' action, therefore, to the extent it is an independent action for fraud upon the court, is timely.

when taken as true and viewed in a light most favorable to Tibbetts, the actions alleged in Counts One and Four do not rise to the level of fraud on the court that is required to support an independent action for fraud on the court. See M.W. Zack Metal Co. v. International Nav. Co., 675 F.2d 525, 529-30 (2d Cir. 1982) (rejecting claim that the insurance companies' attorneys defrauded the courts which had rendered adverse decisions against the plaintiff by misstating the law and withholding operative facts); Gleason v. Jandrucko, 860 F.2d 556, 559-60 (2d Cir. 1988) ("neither perjury nor nondisclosure, by itself, amounts to anything more than fraud involving a single litigant"); Kerwit Medicial Products v. N & H Instruments, Inc., 616 F.2d 833, 837 (5th Cir. 1980) ("the mere nondisclosure to an adverse party and to the court of facts pertinent to the controversy does not add up to 'fraud upon the court' for purposes of vacating a judgment"); 12 Moore's § 60.21[4][c] ("Fraud on the court may not be established simply by showing some misconduct by one of the parties to the suit. . . . In practice, this means that even fairly despicable conduct will not qualify as fraud on the court"). Consequently, to the extent that Counts One and Four of the complaint are based on an independent action for fraud on the court, they are dismissed.[7]

The defendants' Motion to Dismiss **[Doc. #44]** is **GRANTED**. The Clerk is directed to close the case.

---

[7]Count Five of the complaint set forth a claim for malicious defense under Conn. Gen Stat. § 52-568. This statutory claim for damages cannot be considered to be part of either Tibbetts' independent action for relief or independent action for fraud on the court, both of which are equitable in nature. See 12 Moore's § 60.80. Even if it were considered, it would not meet the test that the underlying defense terminated in Tibbetts' favor. See Paint Products Co., 448 F.Supp. at 658.

SO ORDERED this 20th day of January 2005, at Hartford, Connecticut.

                                                        **CHRISTOPHER F. DRONEY**
                                                        **UNITED STATES DISTRICT JUDGE**