## UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF CONNECTICUT

|  |  |  |
|---|---|---|
| | ) | |
| JEFFREY TIBBETTS, | ) | |
| | ) | |
| v. | ) | No. 01-CV- 01763 (CFD) |
| | ) | |
| PRESIDENT & FELLOWS OF YALE, | ) | |
| ET AL, | ) | |
| | ) | January 24, 2005 |

### PLAINTIFF'S OPPOSITION TO DEFENDANTS'
### MOTION TO DISMISS PLAINTIFF'S CLAIM FOR
### INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

Defendants have moved to dismiss the plaintiff's claim for intentional infliction of emotional distress wherein the defendants filed a bogus bankruptcy claim for the purposes of liquidating the plaintiff's pending actions in Connecticut under Chapter 7 of the U.S. Bankruptcy Code. Defendants aver that this claim should be dismissed on the grounds of *res judicata*, because plaintiff's litigation on this matter was allegedly dismissed or decided in *Tibbetts v. Yale Corporation*, 00-CV-2004 (Eastern District of Virginia).

Defendants are simply mistaken. First the plaintiff's litigation on this matter is still pending before the U.S. Court of Appeals for the Fourth Circuit. *See Tibbetts v. Yale Corporation*, 04-2055, docketed 8/26/04, Exhibit 1 hereto. Second, the issue on appeal is whether defendants deliberately lied to the trial court *sub judice* about Connecticut's applicable statute of limitations in filing a proof of claim for $580.18, for the purposes of liquidating plaintiff's assets and legal claims under Chapter 7. *See* Exhibit 2 hereto.

Defendants claim that they had 13 years to bring their proof of claim for $580.18. The problem is that Connecticut law only recognizes a six-year statute to enforce a proof of claim under C.G.S. § 52-576, which provides that "[n]o action for an account, or any simple or implied

contract in writing, shall be brought but within six after the right accrues." Accordingly, defendants' $580.18 proof of claim began to accrue in September 1990, and it expired on September 1996. Defendants still have not provided any cognizable legal reason for how they could file this proof of claim in May 1998, almost two years after the Connecticut statue of limitations had elapsed.

Defendants attempt to justify their conduct under C.G.S. § 52-590, but this tolling exception only applies if it is "impossible" to locate or commence an action against the debtor who has moved out of the state. In this case, defendants claim that it was "impossible" to collect this debt against the plaintiff, even though the plaintiff had commenced litigation against the university in a federal court in 1995, a year before the statute would expire on this debt, and at all material times hereto, the university has known the residential address and employment location of the plaintiff. Clearly, defendants' argument about filing this bogus proof of claim has an odor of bad faith.

Defendants' misplaced reliance on C.G.S. § 52-590 contradicts a number of decisions from the U.S. Supreme Court, which hearken back as far the 1880s. In *Bauserman v. Blunt*, the Supreme Court explained that "[i]n the absence of express statute or controlling adjudication to the contrary" it is well-settled that "[t]he bar of the statute cannot be postponed by the failure of the creditor to avail himself of any means within his power to prosecute or to preserve his claim." 147 U.S. 647, 657, 13 S.Ct. 466, 470 (1893). Likewise, the Supreme Court made clear that a "when a party knows that he has a cause of action, it is his own fault if he does not avail himself of those means which the law provides for prosecuting his claim or instituting such proceedings as the law regards sufficient to preserve it." *Amy v. Watertown* 130 U.S. 320, 325 (1889).

The Second Circuit and the Connecticut Supreme Court have also made it clear that C.G.S. §52-590 is *only* applicable when it is "impossible to commence an action *in personam* against [the debtor]." *Banana Distributors, Inc. v. United Fruit Co.,* 269 F.2d 790 (2d Cir. 1959) (the "purpose of the Connecticut tolling statute [C.G.S. § 52-590]. . . as clearly stated in *Dorus v. Lyon* . . . is to preserve the plaintiff's right of action during a period when, by reason of the defendants' absence, it was impossible to commence an action *in personam* against the defendant."); *Venables v. Bell* 941 F.Supp 26, 27 (D.Conn. 1996) (C.G.S. § 52-590 is a Connecticut statute that can be "traced back to the mid-1800s," and it only "preserves the plaintiff's right of action during a period when, by reason of the defendant's absence, it was impossible to commence an action *in personam* against the defendant.").    Indeed, the Connecticut Supreme Court even held that where a debtor left the state for parts unknown, it was not "impossible" to obtain jurisdiction over him because the creditor could have "sen[t] a copy of the summons and complaint by registered mail to the missing person's spouse." *D'Occhio v. Connecticut Real Estate Comm'n,* 189 Conn. 162, 455 A.2d 833 (1983).

In light of the foregoing, Defendant Yale has once again demonstrated its bad faith attempt to dismiss this litigation.    In this case, at a minimum, it would be inappropriate to dismiss the instant claim on the grounds of *res judicata*, where the bankruptcy issue is still pending before the U.S. Court of Appeals for the Fourth Circuit.    Even assuming *arguendo*, the Fourth Circuit does not remand this action to the trial court for fact finding on defendants' bogus statute of limitations claim, it is *still inappropriate* for the Court to dismiss this claim because the issue was *never litigated* in the Virginia litigation.    That case only centered on the common law torts for abuse of process, malicious use of process and breach of contract.    The instant claim for emotional distress was dropped because that claim was already pending in *Tibbetts v. Levin.*    It

is appropriate to keep that claim for emotional distress before this Court because the defendants' action in filing a knowingly false claim to liquidate plaintiff's claims in the Connecticut litigation (i.e., the claims in *Dittes*, *Levin*, *Stempel* and *Robinson*) amounts to a continuation of defendants' tortious and bad-faith conduct, which is what brought this litigation before the Court in the first place. Thus regardless of what happens before the Fourth Circuit, the issue still pending before this Court is whether Yale knowingly filed a false proof of claim for the purposes of forcing the plaintiff into a Chapter 7 bankruptcy to liquidate the Connecticut litigation. If, as the law indicates, the university did not have a good faith basis to file this claim, then the university's attempt to force an alumnus into bankruptcy liquidation is outrageous and beyond the bounds of decency, and the emotional distress inflicted in this protracted one-year bankruptcy becomes a factual issue for the jury.

## CONCLUSION

WHEREFORE, for all of the foregoing reasons, defendants' motion to dismiss the plaintiff's claim for intentional infliction of emotional distress in the above-referenced action should be DENIED.

Respectfully submitted,

Jeffrey L. Tibbetts
1021 Arlington Blvd., #822
Arlington, VA  22209
(703) 522-0321

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 24ᵗʰ day of January, 2005, a true and correct copy of the foregoing was sent by First Class Mail, postage prepaid, to defendants' counsel of record:   Jeffrey Babbin, Wiggin & Dana, P.O. Box 1832, New Haven, CT  06508-1832