UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

FILED

2005 JAN 28  A 11: 23

U.S. DISTRICT COURT
HARTFORD, CT.

JEFFREY TIBBETTS, )
  Plaintiff )
 )
v. ) No. 301-CV-1763 (CFD)
 )
PRESIDENT & FELLOWS )
OF YALE COLLEGE, ET AL, )
  Defendants )
 ) January 28, 2005

## PLAINTIFF'S RULE 59(e) MOTION TO ALTER OR AMEND JUDGMENT

Plaintiff respectfully moves this Court under Rule 59(e) of the Federal Rules of Civil Procedure for an order setting aside the finding made by the court and the judgment entered on those findings on January 20, 1995, dismissing the above-captioned action under F.R.Civ.P. 12(b)(6) for failure to state a claim due to an expired statute of limitations. For the reasons set forth more fully below, plaintiff respectfully shows that there was an error in the calculation of the date for the applicable statute of limitations in this action, and plaintiff accordingly requests that the Court amend the findings of fact and conclusions of law in the judgment and reinstate this action so that it may be tried upon the merits.

### GROUNDS FOR RELIEF

1. The court's finding of fact for one filing date in the instant case is fatally inconsistent with an applicable filing date in the underlying case, *Tibbetts v. Dittes* (395CV00995). The Court provided the underlying procedural history in *Dittes*, as follows:

> The original complaint was filed on May 30, 1995, and the case proceeded to trial in December, 1999. At the close of evidence, Judge Covello granted the defendants' motion for judgment as a matter of law pursuant to Fed. R. Civ. P. 50 with respect to two counts. The remaining two counts were submitted to the jury, which returned a verdict

on both counts. On March 29, 2000, Judge Covello rendered judgment in accordance with the jury's verdict. Subsequently, Tibbetts filed a motion for a new trial, a motion to vacate judgment, a motion for sanctions, and a motion to disqualify the presiding judge. Those motions were denied. *On March 30, 2001, Tibbetts filed a notice of appeal with the United States Court of Appeals for the Second Circuit*, which indicated that he was appealing several issues, including "the issue of amending a party's pleadings" and "the issue of defendant's fraud in vacating a default judgment." [Ruling on Motion to Dismiss and Other Motions, n2, Jan. 20, 2005 (emphasis added)].

2. The Court correctly noted that "*[o]n March 30, 2001, Tibbetts filed a notice of appeal with the United States Court of Appeals for the Second Circuit.*" Plaintiff filed this appeal pursuant to Rule 4 of the Federal Rules of Appellate Procedure (FRAP), which provides that a notice of appeal "must be filed with the district clerk within 30 days after the judgment or order appealed from is entered."

3. The *Dittes* court entered final judgment on Plaintiff's Rule 59 Motion for a New Trial on March 21, 2001. Dkt #215-1. A timely filed motion for a new trial under Rule 59 extends time to appeal until "entry of the order disposing of the last such remaining motion." FRAP 4(A).[1] Thus, in *Dittes*, even though the district court entered judgment on March 29, 2000, plaintiff timely moved for a new trial, and the court did not rule on this motion until March 21, 2001. As a consequence, any appeal or post-judgment collateral action did not begin accruing until after March 21, 2001.

4. Accordingly, as the Court correctly noted, on "*March 30, 2001, Tibbetts filed a notice of appeal with the United States Court of Appeals for the Second Circuit.*" Likewise, six months after the final entry was docketed in *Dittes* (Dkt #215-1), plaintiff filed the instant independent action for relief from the final judgment under Rule 60(b) of the Federal Rules of Civil Procedure.

---

[1] FRAP 4(A)(v) specifically provides that "If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion: (v) for a new trial under Rule 59."

5.  A motion under Rule 60(b)(1) or 60(b)(3) both require that the motion be made "within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken." F.R.Civ.P. 60(b). In this case, the final judgment or order was entered on March 21, 2001, and the instant Rule 60(b) action was filed six months later on September 18, 2001. Clearly, then, plaintiff satisfied the one-year time limit in which to file the instant Rule 60(b) motion.

6.  With the greatest respect, Plaintiff points out that the Court has applied the time limit from the judgment entered on March 30, 2000, rather than the final judgment entered on March 21, 2001. Plaintiff respectfully submits that he could *not* have filed an independent action prior to March 21, 2001, because relief could have been a moot point if the *Dittes* Court granted a motion for a new trial.

7.  Plaintiff respectfully submits that statute of limitation does not begin to run for an appeal or a post-judgment collateral attack until the final entry of judgment is entered, including any timely filed motions for a new trial under F.R.Civ.P. 59. *Marine Midland Bank v. Slyman*, 995 F.2d 362, 365 (2d Cir. 1993) ("A timely filing of a rule 59(e) motion tolls the time for appeal until entry of an order denying or granting the motion."); *Dudley v. Penn-America Ins. Co.*, 313 F.3d 662, 664-667 (2d Cir. 2002) (a Rule 59 motion "if filed within 10 days after entry of judgment, tolls time for filing notice of appeal from judgment."); *Jones v. Unum Life Ins. Co. of Am.*, 223 F.3d, 137-138 (2d Cir. 2000) (a Rule 59 motion "automatically" defers "start of appeal period."; *Thurman v. Fed. Deposit Ins. Corp.*, 889 F.2d 1441, 1448 (5th Cir. 1989) (timely filed Rule 59 motion for new trial stops running of appeal period); *Kinsey v. Farmland Indus. Inc.*, 39 F.3d 603, 606 (5th Cir. 1994) (a Rule 59 motion "has the effect of tolling the 30 day time for appeal until after the district court has ruled"); *United States for Use of Pippin v. Youngdale*

3

*Constr.. Co.* 923 F.2d 146, 148 (9th Cir. 1991) ("If any party to the action files a Rule 59 motion, the time to file a notice of appeal is tolled for all parties.")

8.  Thus, where plaintiff filed the instant Rule 60(b) action on September 18, 2001, plaintiff respectfully moves that the judgment in this case be altered or amended to reflect that the instant action was timely filed within six months of the final disposition of plaintiff's Rule 59 motion, which the *Dittes* court entered on March 21, 2001.

9.  Plaintiff also respectfully moves that the Court alter or amend its finding of fact that the instant Rule 60(b) motion was timely filed "not more than one year after the judgment, order or proceeding was entered or taken." F.R.Civ.P. 60(b).

10. In further support hereto, the plaintiff respectfully directs the Court's attention to the Plaintiff's Memorandum of Law in Support of Relief Under Rule 60(b)(1), filed herewith on this date and incorporated herein.

11. With an altered or amended judgment to reflect that this Rule 60(b) action was timely filed, plaintiff respectfully requests the following relief:

(A). That the Court "must accept as true all of the factual allegations set out in plaintiff's complaint, draw inferences from those allegations in the light most favorable to plaintiff, and construe the complaint liberally." *Tarshis v. Riese Org.*, 211 F.3d 30, 35 (2d Cir., 2000); *Freedom Holdings, Inc. v. Spitzer*, 357 F.3d 205, 216 (2d Cir. 2004) (same); *Desiderio v. National Ass'n of Sec. Dealers, Inc.*, 191 F.3d 198, 202 (2d Cir. 1999) (same).

(B) That the Court uphold and apply the "simplified notice pleading standard" which requires that a complaint only contain "a short and plain statement of the claim showing that the pleader is entitled to relief". Fed. R. Civ. P. 8(a)(2); *see also Swierkiewicz v. Sorema, N.A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 152 L.Ed.2d 1 (2002); and

(C) That the Court grant discovery on the disputed facts and issues contained in this complaint. The simplified pleading standard "relies on liberal discovery rules and summary judgment motions to define disputed facts and issues." *Swierkiewicz*, 534 U.S. at 512. "Indeed it may appear on the face of the pleading that recovery is very remote and unlikely but that is not the test." *Branham v. Meachum*, 77 F.3d 626, 628 (2d Cir. 1996) (quoting *Gant v. Wallingford Bd. of Educ.*, 69 F.3d 661, 673 (2d Cir. 1995)). To

4

this end, a "district court may grant a motion to dismiss for failure to state a claim *only if it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.*" Tarshis v. Riese Org., 211 F.3d 30, 35 (2d Cir. 2000) (emphasis added) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957)).

12. Plaintiff requests any and other relief in this motion to amend or alter the judgment which is just and appropriate under the Federal Rules of Civil Procedure.

## CONCLUSION

WHEREFORE, Plaintiff having demonstrated that the instant Rule 60(b) action was timely filed within six months of the final entry in *Tibbetts v. Dittes* on March 21, 2001, Plaintiff's motion to alter or amend the judgment in this action should be granted pursuant to Rule 59(e) of the Federal Rules of Civil Procedure.

Respectfully submitted,

_____
Jeffrey L. Tibbetts
1021 Arlington Blvd., #822
Arlington, VA  22209
(703) 522-0321

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this 28th day of January, 2005, a true and correct copy of the foregoing was sent by First Class Mail, postage prepaid, to defendants' counsel of record:  Jeffrey Babbin, Wiggin & Dana, P.O. Box 1832, New Haven, CT  06508-1832

_____

5