UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY P.L. TIBBETTS, | CIVIL ACTION NO. 3:01CV01763 (CFD) |
| Plaintiff, | |
| vs. | |
| PRESIDENT AND FELLOWS OF YALE COLLEGE, ET AL., | |
| Defendants. | FEBRUARY 18, 2005 |

**DEFENDANT'S OPPOSITION TO
PLAINTIFF'S MOTION TO ALTER OR AMEND JUDGMENT**

Defendant Yale University (a/k/a the corporate entity of the President and Fellows of Yale College, including Yale Corporation) ("Yale") opposes the motion to alter or amend judgment, filed by plaintiff under Rule 59(e) on January 28, 2005. The Court correctly dismissed plaintiff's complaint for failure to state a claim, and plaintiff has given this Court no grounds to reconsider that dismissal.[1]

In his present motion, Tibbetts challenges the Court's ruling that the requests for Rule 60(b)(3) relief in Count One and for Rule 60(b)(1) relief in Count Two were untimely, more than one year after judgment was entered in *Tibbetts v. Dittes*.[2] The Court noted in its ruling that judgment had entered in *Dittes* on March 30, 2000 (doc. 214), that Tibbetts had filed his notice

---

[1] The Court's ruling granting the motion to dismiss was filed on January 20, 2005. *See* Ruling on Motion to Dismiss and Other Motions ("Ruling") (doc. 91). Due to a clerical delay, the judgment was not filed and entered on the docket until February 15, 2005 (doc. 100). Yale will respond to plaintiff's premature motion as if it were directed at the February 15 judgment.

[2] Tibbetts makes no arguments for reconsidering the Court's dismissal of Counts Three, Four, and Five of his complaint.

of appeal in *Dittes* on March 30, 2001 (doc. 239), and that Tibbetts had commenced this separate lawsuit under Rule 60(b) on September 18, 2001. The Court held that the deadline for seeking Rule 60(b)(1) or (3) relief was one year from March 30, 2000, and the fact that Tibbetts filed a notice of appeal rather than a Rule 60(b) motion on March 30, 2001 did not toll the time to file under Rule 60(b). Ruling at 5 (citing *King v. First American Investigations, Inc.*, 287 F.3d 91, 94 (2d Cir. 2002)).

In his Rule 59(e) motion, Tibbetts does not argue that the Court was wrong that the appeal did not toll the time for seeking relief under Rule 60(b)(1) or (3). Instead, he argues that the clock did not even start running with the entry of judgment in *Dittes*, and it started to run only with the entry of Judge Covello's last order regarding Tibbetts' post-judgment motion for a new trial. Tibbetts says that this last order was on March 21, 2001, making the commencement of this action timely less than a year later on September 18, 2001.

But Tibbetts cites no authority for that argument. He argues only that it would have made no sense for him to file for relief from a judgment under Rule 60(b) at a time when his motion for a new trial might yet be granted. He is wrong, though, for several reasons.

First, Rule 60(b) on its face provides that a party may invoke clauses (1) and (3) of that rule "not more than one year after the judgment ... was entered." The rule makes no reference to any tolling of this deadline; it refers solely to entry of judgment as the beginning of the one-year time period, which in *Dittes* was March 30, 2000, making this lawsuit from September 2001 untimely. The authorities cited by plaintiff all involve the tolling of time to file an appeal, and not the tolling of time to file a request for post-judgment relief under Rule 60(b)(1) or (3). The one-year "limitations period is absolute." *Warren v. Garvin*, 219 F.3d 111, 114 (2d Cir. 2000) (internal quotation marks omitted), *cert. denied*, 531 U.S. 968 (2000).

Second, a post-judgment request for relief under Rule 60 need not await a court's disposition of a separate post-judgment motion for a new trial under Rule 59(a). The rules contemplate the concurrent filing of multiple post-judgment motions. *See* FRAP 4(a)(4)(A) (providing that a motion filed under Rule 60 *within ten days of judgment*, like other post-judgment motions filed in that same time period, will toll the time to appeal). There is plainly no policy under the rules that a Rule 60(b) motion must await the disposition of other post-judgment motions.

Third, even under Tibbetts' incorrect view of the rules, he should have commenced this action sooner. He claims that his post-judgment motion for new trial was pending until its denial on March 21, 2001, but that is not true. His motion for a new trial in *Dittes* was denied on May 15, 2000 (*see* endorsement order on doc. 215), yet Tibbetts still did not bring this collateral action under Rule 60(b) until September 2001, more than a year later. Instead, he sought reconsideration of the denial of his motion for new trial. The March 21, 2001 order now relied on by Tibbetts in his timeline was the order disposing of that motion for reconsideration. (*See* endorsement order on doc. 217). That order was not a judgment, and it did not reset the one-year clock for seeking relief under the terms of Rule 60(b)(1) or (3).

Fourth, Tibbetts' own conduct in *Dittes* contradicts the position he now takes that a request for relief under Rule 60(b) had to await disposition of the motion for reconsideration of the denial of a new trial. That is because, even before March 21, 2001, Tibbetts filed a Rule 60(b) motion in *Dittes*, seeking to vacate the judgment on the ground that Judge Covello was biased against him. *See* doc. 236 (filed Feb. 20, 2001, and denied by endorsement order on Mar. 22, 2001).

Finally, this Court, when dismissing Counts One and Two, also considered the possibility that these counts were *not* brought under Rule 60(b)(1) or (3) but were independent actions for

3

setting aside the *Dittes* judgment for fraud, and the Court found those counts to be timely for that purpose. But, at the same time, the Court found that these two counts did not satisfy the legal standards for stating an independent action for fraud. *See* Ruling at 8-11. In his present motion, Tibbetts does not disagree with that conclusion.[3] Thus, the Court has no occasion to reconsider its alternative holding for dismissing Counts One and Two. As stated earlier, plaintiff does not even seek reconsideration of the dismissal of the other counts of the complaint.

Tibbetts' motion under Rule 59(e) is therefore without merit and should be denied. Tibbetts, though, also filed a lengthy, 51-page memorandum with his motion, which he incorporated into his motion. But nothing in that memorandum warrants reconsideration of the dismissal of the complaint for failure to state a claim. The memorandum just sets out Tibbetts' argument on the merits for vacating the judgment in *Dittes* under Rule 60(b)(1) — *i.e.*, the subject of Count Two of his complaint in this case. The Court has already found that claim to be untimely, and so any argument on the merits of the claim is irrelevant to the matter at hand.

The Court should deny plaintiff's Motion to Alter or Amend Judgment.

---

[3] In his motion (at ¶ 11, pp. 4-5), Tibbetts does refer to the Court's obligation under Rule 12(b)(6) to accept the allegations of the complaint as true and to apply the notice pleading standards of federal practice. But Tibbetts nowhere states how the Court deviated from that obligation and those standards. The Court did not.

4

Respectfully submitted,

DEFENDANT
YALE UNIVERSITY

By: /s/ Jeffrey R. Babbin
Jeffrey R. Babbin (ct10859)
  jbabbin@wiggin.com
Wiggin and Dana LLP
Its Attorneys
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4400
(203) 782-2889 (fax)

## **CERTIFICATION**

This is to certify that on this 18th day of February, 2005, a copy of the foregoing was mailed, postage prepaid, to:

Jeffrey L. Tibbetts
1021 Arlington Blvd., #822
Arlington, VA 22209

                                                    _____
                                                    Jeffrey R. Babbin

\490\171\516309.1