UNITED STATES DISTRICT COURT FOR
THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY TIBBETTS, )<br>    Plaintiff )<br>)<br>v. )<br>)<br>PRESIDENT & FELLOWS OF YALE )<br>COLLEGE, ET AL. )<br>)<br>    Defendants ) | No. 01-CV-1763 (AVC)<br><br><br><br><br><br><br><br>February 25, 2005 |

**PLAINTIFF'S RULE 15(A) MOTION AND INCORPORATED
MEMORANDUM OF LAW TO AMEND COMPLAINT**

Pursuant to Rule 15(a) of the Federal Rules of Civil Procedure, plaintiff respectfully moves to amend his complaint in the above-captioned action.

The grounds for this motion are as follows:

1.) This is an independent action attacking the judgment in *Tibbetts v. Dittes*, 395CV00995. The final order in this action was entered on March 21, 2001.

2. Within six months of the final order in *Dittes*, on September 18, 2001, plaintiff filed the above-captioned action under Rule 60(b) of the Federal Rules of Civil Procedure.

3. A minor amendment was made to the complaint on January 25, 2002.

4. There was no discovery on any aspect of the complaint or the amended complaint.

5. There was considerable controversy over whether defendants committed fraud with respect to service of process issues.

6. There was no discovery on the service of process issues.

7. On January 20, 2005, the Court dismissed the amended complaint in its entirety and held that plaintiff had not timely filed the complaint within the required one year statute of limitations under Rule 60(b)(1) and (3).

8. On January 28, 2005, plaintiff timely filed a Rule 59(e) Motion to Alter or Amend the Judgment on the grounds that the complaint was dismissed in error on the statute of limitations argument. Plaintiff respectfully pointed out that this Rule 60(b) complaint had been timely filed within six months of the final judgment in *Dittes,* and well within the one-year statute required by Rule 60(b).

9. Pursuant to Rule 59(e), plaintiff has requested that the Court reinstate the complaint and rule upon the merits of the complaint. In support of this Rule 59(e) motion, plaintiff herein submits his amended complaint to provide clear and unequivocal evidence that plaintiff is entitled to relief from the *Dittes* judgment, pursuant to Rule 60(b)(1), Rule 60(b)(3), and Rule 60(b)(4).

10. There is no fixed time limit for making a motion for leave to amend a pleading. The matter is within the discretion of the court and, under proper circumstances, amendment can even be secured after judgment. Wright & Miller, Federal Practice and Procedure, Civil 2d § 1488 (2d ed. 1990) citing *Saalfrank v. O'Daniel*, 533 F.2d 325, *cert denied* 499 U.S. 922 (6th Cir. 1976); *Rhodes v. Meyer*, 334 F.2d 709 (8th Cir. 1964), *cert denied* 379 U.S. 915 ("If plaintiff desires to amend he may, despite the entry of judgment of dismissal, seek leave to that end by timely motion, upon which if it be tendered, the court will rule.").

11. In this case, there is no prejudice to the defendants because there has been no discovery, and the defendants can still assert all defenses to the amended complaint.

12. In addition, the amendment will assist the Court in ruling on the merits because all evidence and legal arguments are directly incorporated into or attached to this amendment.

13. Plaintiff inadvertently filed the instant motion and its amendment in the underlying *Dittes* case on February 14, 2005. However, all of the supporting Exhibits to this

motion and amendment were filed in this case on February 14, 2005.   Plaintiff learned of this filing error on February 24, 2005.   Accordingly, he has herewith taken steps to file the instant motion and amendment in the above-captioned case.

13.   Nevertheless, despite this harmless filing error, it would be a grave injustice for this Court *not* to be informed of the full extent of the due process violations in *Dittes*--which now serve as the basis to vacate for voidness under F.R.Civ.P. Rule 60(b)(1)(3) & (4).   To this end, therefore, Rule 15(a) reinforces one of the basic policies of the Federal Rules of Civil Procedure—that pleadings "are not an end to themselves but are a means to assist in the presentation of a case to enable it to be decided on the merits."   *Smiga v. Dean Witter Reynolds, Inc.* 766 F.2d 698, 703 *cert denied* 475 U.S. 1067 (1985); *Foman v. Davis*, 371 U.S. 178 (1962).

WHEREFORE, there being no prejudice to the defendants, and where plaintiff had timely filed this Rule 60(b) action within six months of the final judgment in *Dittes*, plaintiff respectfully prays that the instant amendment be granted pursuant to F.R.Civ.P. 15(a).

Respectfully submitted,

_____
Jeffrey L. Tibbetts
1021 Arlington Blvd., #822
Arlington, VA  22209
(703) 625-8718

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this ___ day of February, 2005, a true and correct copy of the foregoing was sent by agreement by electronic transmission to defendants' counsel of record:  Jeffrey Babbin, Wiggin & Dana, P.O. Box 1832, New Haven, CT  06508-1832

_____
Jeffrey L. Tibbetts