UNITED STATES DISTRICT COURT
THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY TIBBETTS ) | |
| ) | |
| Plaintiff ) | 3:01 CV 1763 (CFD) |
| ) | |
| v. ) | |
| ) | |
| PRESIDENT AND FELLOWS ) | |
| ) | |
| Defendants ) | |
| ) | March 14, 2005 |

## PLAINTIFF'S SUPPLEMENTAL RULE 59 MOTION IN SUPPORT OF MOTION TO ALTER AND AMEND

Defendants have opposed the Plaintiff's Motion to Alter and Amend the Judgment on the grounds that this complaint was "untimely, so any arguments on the merits of the claim is irrelevant to the matter at hand." Deft's Opp. to Pltf's Motion To Alter or Amend Judgment, Feb. 18, 2005. In further support, defendants argue that Rule 60(b) makes no reference to any "tolling" of the final date of judgment: instead, "it refers solely to entry of judgment as the beginning of the one-year time period, which in *Dittes* was March 30, 2000, making this lawsuit from September 2001 untimely. *Id.*

However, as demonstrated below, defendants' argument that a Rule 59 motion *does not extend the finality of the date of judgment*, for the purposes of taking an appeal or filing a Rule 60(b) motion, is wholly without merit.

### ISSUE

Does a timely-filed Rule 59 Motion extend the finality of the date of judgment and toll the time to take an appeal or file a Rule 60(b) motion?

## FACTS

1.  On March 30, 2000, the district court in *Dittes* entered judgment for the defendants. Doc. No. 214, attached hereto as Exhibit 1.

2.  On April 6, 2000, Plaintiff filed a Rule 59 Motion for a New Trial within 10 days of the judgment entered on March 30, 2000. Doc. No. 215, attached hereto as Exhibit 2.

3.  On May 15, 2000, the district court denied Plaintiff's Rule 59 Motion as follows:

> On February 29, 2000, following a jury trial, the court entered judgment for the defendants on all counts of the complaint. On April 7, 2000, the plaintiff filed the within motion pursuant to Fed. R. Civ. P. 59 arguing that the court should "set aside the verdict and judgment." Fed. R. Civ. P. 59(b) states that "[a]ny motion for a new trial shall be filed no later than 10 days after entry of judgment." In the present case, the plaintiff filed his motion for a new trial 38 days after entry of judgment. The plaintiff's motion for a new trial (document no. 215) is DENIED.

4.  However, a quick review of the judgment entered on March 30, 2000 (Doc. No. 214) shows that the district court made a clerical mistake in calculating the entry date for judgment. The court had mistakenly transposed two important dates. The court had issued the judgment on *February 29, 2000*, but the court had entered this judgment on the docket, as a separate document, on *March 30, 2000*. The correct date of judgment is March 30, 2000.

5.  Because the court had mistakenly transposed these two dates--which were 30 days apart--the court erroneously concluded that: "[i]n the present case, the plaintiff filed his motion for a new trial 38 days after entry of judgment. The plaintiff's motion (document no. 215) is DENIED." Ex. 3.

6.  In fact, plaintiff filed his Rule 59 Motion for a New Trial within eight (8) days of the judgment.[1] *See Dittes* Docket Report, Ex. 4 hereto; *also compare* entry date of judgment on March 30, 2000, with plaintiff's motion filed eight days later on April 7, 2000. (Doc. No. 215).

---

[1] Even the defendants have acknowledged that plaintiff timely filed this Rule 59 Motion for a New Trial. On September 12, 2000, defendants wrote: "It does appear, contrary to the Court's endorsed order of May 15, 2000, that plaintiff's motion for a new trial pursuant to Fed. R. Civ. P. 59 was timely filed on April 7, 2000, which was no

2

7.      It is clear from the evidence that the district court had made a "clerical" error in transposing the date of judgment on *February 29, 2000*, with the separate entry of judgment on *March 30, 2000*.

8.      Rule 60(a) of the Federal Rules of Civil Procedure provides, in pertinent part, that: "Clerical mistakes in judgments, orders or other parts of the record . . . arising from oversight or omission may be corrected by the court at any time of its own initiative or on the motion of any party."

9.      Accordingly, within twenty days of the court's defective order, on June 5, 2000, plaintiff filed a Rule 60(a) motion to correct the clerical error as follows:

> The plaintiff respectfully moves the Court to reconsider its order dated, May 15, 2000, wherein Plaintiff's Motion for a New Trial was denied on the grounds the motion was not timely filed within ten days after judgment was entered pursuant to F.R.Civ.P. 59(b).
>
> The Court's ruling is in error: it was based on an inaccurate and nonexistent date of February 29, 2000 for the entry of judgment.
>
> The judgment was entered on March 30, 2000 (Doc. No. 214). Plaintiff made proper application for a new trial within eight days after the entry of judgment. Plaintiff's Motion for a New Trial is timely and should be considered without prejudice from this error. [*See* Exhibit 5 hereto (Doc. 217)].

10.     Thereafter, on March 21, 2001, the district court *granted* plaintiff's motion to correct the clerical error and it also ruled on the merits of the plaintiff's motion:

> The motion for reconsideration is granted. *The plaintiff's argument has merit in that the motion for a new trial was, in fact, timely filed.* The court, however, denies the relief requested because the plaintiff has failed to present sufficient evidence grounds authorizing a new trial under Federal Rule of Civil Procedure 59. Notwithstanding the plaintiff's fourteen separate points of error, including error in denying the motion to amend the complaint, in striking the breach of contract and tortious interference claims, in excluding certain evidence as hearsay, in failing to hold a pretrial conference and in declining to grant a continuance, the court does not agree, and the plaintiff has cited no authority, that it erred or that any of the plaintiff's contentions, individually or the

---

later than 10 days after judgment on March 29, 2000." Deft's Reply to Plaintiff's Response to a Motion for New Trial, Doc. No. 220.

3

combination thereof, constitute grounds for a new trial. Accordingly, the plaintiff's Rule 60(a) is denied. [*See* Exhibit 6 hereto].

## QUESTIONS RAISED ON THE ISSUE

1.) Did plaintiff timely file a Rule 59 Motion after the district court had entered judgment on March 30, 2000?

> Short Answer: Yes, and the court endorsed this finding by holding that plaintiff's *"motion for a new trial was, in fact, timely filed."* Ex. 6.

2.) Did the district court initially deny plaintiff's Rule 59 Motion because of clerical error over the entry date of judgment?

> Short Answer: Yes, and the court acknowledged this error by "grant[ing]" plaintiff's motion to correct the error under Rule 60(a). Ex. 6.

3). Did the district court enter its final ruling on the plaintiff's Rule 59 motion on May 15, 2000?

> Short Answer: No, this order was defective because of the clerical error referenced on the entry date of judgment. Due to this clerical error, the district court never reached the merits of the plaintiff's motion for a new trial.

4.) Did the district court enter a final ruling on the plaintiff's Rule 59 motion on March 21, 2001?

> Short Answer: Yes, the court entered a final ruling on the plaintiff's Rule 59 motion on March 21, 2001. This final ruling was evident because (1) the court corrected its clerical error in the May 15, 2000 order, and (2) the court specifically addressed the *"plaintiff's fourteen separate points of error"* in the motion for a new trial, *"including error in denying the motion to amend the complaint, in striking the breach of contract and tortious interference claims, in excluding certain evidence as hearsay, in failing to hold a pretrial conference and in declining to grant a continuance."* Ex. 6.

5). Did the plaintiff properly bring a Rule 60(a) motion to correct the district court's clerical error over the entry date of judgment?

4

> Short Answer:  Yes, the terms in Rule 60(a) provide that "[c]lerical mistakes in judgments, orders or other parts of the record . . . arising from oversight or omission may be corrected *at any time*." F.R.Civ.P. 60(a) (emphasis added). Furthermore, the district court acknowledged and corrected this error by holding on March 21, 2001, that plaintiff's *"motion for a new trial was, in fact, timely filed."*  Ex. 6.

6). Was plaintiff correct in requesting a complete ruling on the merits of his motion for a new trial for the purposes of final judgment and appeal?

> Short Answer:  Yes, the court's order, dated May 15, 2000, was defective due to a clerical error and was *not* a final judgment on the merits of the motion for a new trial. If the plaintiff had appealed the court's order, dated May 15, 2000, he would only have been appealing the clerical error, and not the final ruling on the merits which the court rendered on March 21, 2001.

7). Did the plaintiff's timely filed Rule 59 Motion toll the time in which to file an appeal or any other equitable relief under Rule 60(b)?

> Short Answer:  Yes, FRAP 4(a)(4)(A) provides, in pertinent part, that if a party timely files in the district court a Rule 59 motion for a new trial under the Federal Rules of Civil Procedure, *"the time to file an appeal runs for all parties from the entry of the order disposing of the last such remaining motion."*  In this case, it is clear that March 21, 2001 constitutes the date *"disposing of the last such remaining motion."*

8). Did the final order, dated March 21, 2001, effectively end the litigation on the "merits" and leave nothing for the court to do but execute judgment?

> Short Answer:  Yes, the district court's order, dated March 21, 2001, ended the litigation on the merits left nothing for the court to do but to execute the judgment and the plaintiff free to appeal the final order. Accordingly, plaintiff timely filed his appeal on March 30, 2001, within 30 days of the final judgment (March 21, 2001). Likewise, Rule 60(b) provides that "the court may relieve a party or a party's representative from a *final* judgment, order or proceeding," and for "reasons" (1) and (3), this motion shall not be filed "more than one year after the judgment, order, or proceeding was entered or taken." Thus, where March 21, 2001 is the date disposing of the *last* remaining motion in *Dittes*, then this is also the operative date for the court to relieve a party "from a *final* judgment, order or proceeding," under Rule 60(b).

5

## **ARGUMENT**

The United States Code provides that the court of appeals "shall have jurisdiction of appeals from all *final* decisions of the district courts of the United States." 28 U.S.C. § 1291. The centerpiece of this jurisdiction for the circuit courts is the "final judgment rule." 19 James Wm. Moore, et al, *Moore's Federal Practice*, § 202.02 (3d ed. 2004). This rule, which is embodied in 28 U.S.C. § 1291, grants jurisdiction to the circuit courts to review only *final* decisions of the district courts. *Id.* The Supreme Court has held that a final decision means the "final judgment." *Bankers Trust Co. v. Mallis*, 435 U.S. 381, 384 n.4, 98 S.Ct. 117 (1978) *reh'g denied*, 436 U.S. 915 (1978) (citing *Moore's Federal Practice*, a judgment for the purposes of appeal under the Federal Rules is the equivalent of a "final decision"). The application of this rule "in most cases is plain enough." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 170 S.Ct. 2140 (1974). The "final" decision or judgment "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment." *Catlin v. United States*, 324 U.S. 229, 65 S.Ct. 631 (1945). In practice, it means a district court's final ruling makes "further litigation improbable." *Coopers & Lybrand v. Livesay*, 437 U.S. 463, 98 S.Ct. 2454 (1978); *MacEwen Petroleum, Inc. v. Tarbell*, 136 F.3d 263, 264-265 (2d Cir. 1998) (same).

In the case at bar, the "final" decision on the plaintiff's motion for a new trial was issued on March 21, 2001. It is clear that the final decision was not issued on May 15, 2000, because this order was defective due to a clerical error, and the court did not reach the merits of the plaintiff's motion for a new trial. These merits were not reached until March 21, 2001, when the district court acknowledged and corrected its clerical mistake and proceeded to rule on the "plaintiff's fourteen separate points of error." Ex. 6. Thus, the order dated March 21, 2001, effectively "ended the litigation on the merits," *Catlin*, 324 U.S. at 233, and the plaintiff was free

6

to appeal this order "disposing of the last such remaining motion." FRAP 4(a)(4)(A); *F.T.C. v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 210, 73 S.Ct. 245 (1945) (a ruling is "final" when it "dispose[s] of the entire controversy between the parties."); *Holcombe v. McKusick,* 20 How. 552, 554 (1858) (it is settled practice that "the writ will not lie until the whole of the matters in controversy in the suit below are disposed of.").

Having established that March 21, 2001 constitutes the date of the "final" decision in which the district court "disposed of the entire controversy between the parties," 344 U.S. at 210, we turn to four remaining issues. (1) Do the defendants have any argument that the Rule 59 does not extend the finality of judgment? (2) Did plaintiff timely request correction of the court's clerical error under Rule 60(a)? (3) Did plaintiff timely appeal the final order once it was issued on March 21, 2001? and (4) Did plaintiff timely file his Rule 60(b) motion for relief once the final order on the merits was entered on March 21, 2001?

### I.   A Timely Filed Rule 59 Motion Extends the "Finality" of Judgment For the Filing of a Rule 60(b) Motion

Defendants have boldly argued that a Rule 59 motion does *not* extend the "finality" of judgment for the filing of a Rule 60(b) motion. They assert that "Rule 60(b) on its face provides that a party may invoke clauses (1) and (3) of that rule 'not more than one year after judgment . . . was entered,'" but the rule "makes no reference to any tolling of this deadline; it refers solely to entry of judgment as the beginning of the one-year time period, which in *Dittes* was March 30, 2000, making this lawsuit from September 2001 untimely." In short, defendants argue that the plaintiff's timely-filed Rule 59 motion is of no consequence whatsoever in extending the "finality" of the judgment in *Dittes*. Defendants cite no authority for this proposition, nor can they, because this argument is frivolous and opposed to the tolling rationale set forth under the Federal Rules of Appellate Procedure.

7

In *Jones v. Unum Life Ins. Co. of America*, 223 F.3d 130, 136 (2d Cir. 2000) *appeal after remand* 2001 U.S. App. LEXIS 15366 (2001), the Second Circuit plainly set forth the law on this issue:

> [T]he Federal Rules of Civil Procedure ("Civil" Rules) allow a party to move "to alter or amend a judgment," Fed. R. Civ. P. 59(e); and, as we have recently discussed, if a party makes a timely Rule 59(e) motion, the judgment loses its finality, and the appeal deadline is extended: "The timely filing of a postjudgment motion pursuant to Fed. R. Civ. P. . . . 59 automatically "affects the finality of the judgment," Fed. R. Civ. P. 59 Advisory Committee Notes (1995), because such a motion seeks to alter the judgment or reverse decisions embodied in it. *See, e.g., Browder v. Director, Department of Corrections*, 434 U.S. 257, 267, 54 L. Ed. 2d 521, 98 S. Ct. 556 (1978) ("A timely petition for rehearing tolls the running of the [appeal] period because it operates to suspend the finality of the . . . court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties." (internal quotation marks omitted)). . . .

223 F.3d at 136 (citing *Weyant v. Okst*, 198 F.3d 311 (2d Cir. 1999). "We have long held that a postjudgment motion made within 10 after entry of judgment extends the finality of the judgment and the time of the parties to appeal." *Id* at 136-137 (citing *McCowan v. Sears, Roebuck & Co.*, 908 F.2d 1099, 1103-04 (2d Cir.) *cert denied*, 498 U.S. 987 (1990); *Lyell Threatre Corp. v. Loews Corp.*, 682 F.2d 37, 40-41 (2d Cir. 1982). Therefore, there can be no dispute that Rule 59 *extends* the "finality" of the judgment, and in this case, the district court ruled on the merits of the plaintiff's Rule 59 motion on March 21, 2001, thus extending the "finality" of the judgment to that date.

## II.  Plaintiff Properly Applied for Relief Under Rule 60(a)

Rule 60 govern the various methods of obtaining relief from a judgment. The two subsections of Rule 60 provide quite different remedies. Rule 60(a) specifically deals with correction of "clerical" errors and ensures that the orders and judgment in the record are an accurate reflection of the true actions and intent of the district court. Accordingly, there is no "time limit" on correction of clerical errors. A district court was wide discretion to correct

8

"clerical" errors "at any time." F.R.Civ.P. 60(a). A "clerical error" typically consists of transcription, transposition, or computational mistakes, and the district court has a "responsibility" to correct its mistakes without prejudice to the parties. *Esquire Radio & Elec. v. Montgomery Ward,* 804 F.2d 787, 795-796 (2d Cir. 1986) ("It is a court's responsibility to correct a judgment that is based upon a clerical error."); *Panama Processes, S.A. v. Cities Service Co.,* 789 F.2d 991, 994-995 (2d Cir. 1986) ( district court had authority to correct its clerical error so that its final order on the issue "reflected the courts' original intent."). Indeed, where a district court introduces a "clerical" error into an order or judgment, Rule 60(a) provides "the appropriate vehicle for relief." *Lee v. Johnson E. Seagram & Sons, Inc.,* 592 F.2d 39, 43 (2d Cir. 1979). Thus, where a district court has made an obvious clerical error in a judgment, this order is not "final" until the court corrects the error(s) and disposes of the claims on the merits. *Burger King Corp. v. Horn & Hardart Co.,* 893 F.2d 525, 527 (2d Cir. 1990) ("final" judgment had so many clerical mistakes that the court failed to dispose of the underlying claims, and the notice of appeal filed from this imperfect order was deemed "premature" until the district court corrected the errors under Fed.R.Civ.P. 60(a)).

In this case, it is clear that the district court issued an "imperfect" order on May 15, 2000, which contained a "clerical" error in the computation of the final entry date of judgment. The Second Circuit made clear in *Esquire Radio & Elec. v. Montgomery Ward,* 804 F.2d 787, 795-796 (2d Cir. 1986), that a district court has "responsibility to correct a judgment that is based upon a clerical error." Here, the district court made this correction in its revised, final order on March 21, 2001.

Defendants have alternatively argued that the plaintiff should have appealed and/or filed his Rule 60(b) motion prior to March 21, 2001, and not wait for the district court to issue a final

ruling on this matter. But this argument obviously lacks merit. Clearly, if the district court had granted plaintiff's motion for a new trial on March 21, 2001, then filing any subsequent post-judgment motion or appeal would be "moot." Thus filing anything prior to March 21, 2001, as defendants advocate, would in the final analysis only have been "premature." *See Burger King Corp., v. Horn & Hardart Co.*, 893 F.2d 525 (2d Cir. 1990) (notice of appeal was "premature" where trial court had not yet disposed of the merits of the pending motion); *City of Hartford v. Chase*, 942 F.2d 130 (2d Cir. 1991) (time for appeal did not begin to run until district court had disposed of the final motion on the merits); *Burt v. Ware*, 14 F.2d 256 (5th Cir. 1994) (per curiam) (notice of appeal while Rule 59 motion is still pending is merely held in "abeyance" until last motion is resolved on its merits).

Even assuming *arguendo* that there is some credibility in defendants' argument, i.e. that plaintiff was not entitled to request that the district court correct its clerical error or that plaintiff's Rule 60(a) motion was somehow "untimely," such arguments are in the final analysis irrelevant because the district court *still* endorsed the plaintiff's motion to correct the clerical error, and it *still* ruled on the merits of the plaintiff's motion for a new trial. Here, the issue is not whether the plaintiff timely filed his Rule 59 Motion for a New Trial, because plainly he did; rather, the issue is whether the plaintiff was entitled to ask the court to correct its clerical error so that he could receive a ruling upon the merits of his motion for a new trial. As already noted, the district court granted this request and ruled upon the merits on March 21, 2001. In *City of Hartford v. Chase*, 942 F.2d 130 (2d Cir. 1991), the Second Circuit found that even where the plaintiff had filed a Rule 59 motion 21 days after the entry of judgment, because the "district court entertained the motion and *ruled on its merits*," the time for appeal began "to run anew from the date on which the court disposed of the untimely application." *Id.* at 134 (citing *F.T.C.*

*v. Minneapolis-Honeywell Regulator Co.*, 344 U.S. 206, 210, 73 S.Ct. 245 (1952)). Likewise, in this case, even assuming *arguendo* that plaintiff's motion had been untimely for some reason, because the district court "*entertained the motion and ruled on its merits*," the finality of this judgment and the time for appeal time for appeal began "to run anew from the date on which the court disposed of the untimely application." 942 F.2d at 134; *F.T.C.*, 344 U.S. at 210. Thus, as in *City of Hartford,* even if plaintiff's motion had been untimely, "because the district court entertained the motion and ruled on its merits," then the time to appeal from that ruling did not begin to run until the court had disposed of this motion on March 21, 2001,

### III. Plaintiff Timely Appealed the Final Order Dated March 21, 2001

The final decision on plaintiff's Rule 59 Motion was issued on March 21, 2001, wherein the district court "dispos[ed] of the last such remaining motion." FRAP 4(a)(4)(A)[2]; *F.T.C.*, 344 U.S. at 210 (a ruling is "final" only when it "dispose[s] of the entire controversy between the parties."). Plaintiff timely filed his notice of appeal nine days later on March 30, 2001. Doc. No. 239. Thus plaintiff *timely* filed his appeal to the U.S. Court of Appeals for the Second Circuit where the district court had issued its final decision on March 21, 2001. *SongByrd, Inc. v. Estate of Grossman*, 206 F.3d 172, 178 (2d Cir.) *cert. denied,* 121 S.Ct. 68 (2000) ("notice of appeal from final judgment brings up for review all reviewable rulings which produced the judgment.") (citing 20 Moore § 303.21[3][c], at 303-47). Thus, there can no longer be any dispute that plaintiff's appeal to the Second Circuit was timely, based upon the district court's final date for entry of judgment on March 21, 2001.

---

[2] "If a party timely files in the district court any of the following motions under the Federal Rules of Civil Procedure, the time to file an appeal runs for all parties from the entry of the order disposing of the *last* such remaining motion." FRAP 4(a)(4)(A) (emphasis added).

11

## IV.     Rule 60(b) Only Applies to "Final" Judgments or Orders

Rule 60(b) only permits relief "from a *final* judgment, order, or proceeding." F.R.Civ.P. 60(b) (emphasis added). All federal courts readily agree that a "final" judgment is needed to support a Rule 60(b) motion. *Rufo v. Inmates of Suffolk Jail*, 502 U.S. 367, 378-383, 112 S.Ct. 748 (1992); *United States v. Baus*, 834 F.2d 1114, 1118 (1st Cir. 1987); *McMillan v. MBank Fort Worth,* N.W. 4 F.3d 362, 366 (5th Cir. 1993).

With the clear meaning that Rule 60(b) only permits relief "from a final judgment," defendants still nevertheless argue that the final judgment "in *Dittes* was March 30, 2000, making this lawsuit from September 2001 untimely." Dfts' Opp. at 2. For obvious reasons, defendants' argument is seriously flawed. First, "ignorance of the law does not provide a defense." And defendants' ignorance of the law over Rule 59 does not negate the fact that the final judgment date in *Dittes* was *extended* until March 21, 2001. *See Browder*, 434 U.S. at 267, 98 S. Ct. at 556 ("A timely petition for rehearing . . . operates to suspend the finality of the . . . court's judgment, pending the court's further determination whether the judgment should be modified so as to alter its adjudication of the rights of the parties."); *Weyant*, 198 F.3d at 311 ("The timely filing of a postjudgment motion pursuant to Fed. R. Civ. P. . . . 59 automatically "affects the finality of the judgment," Fed. R. Civ. P. 59 Advisory Committee Notes (1995), because such a motion seeks to alter the judgment or reverse decisions embodied in it."); *Jones*, 223 F.3d at 136 ("We have long held that a postjudgment motion made within 10 after entry of judgment extends the finality of the judgment and the time of the parties to appeal.").

Second, FRAP 4(a)(4)(A) clearly states that where a party timely files in the district court a Rule 59 motion, "the time to file an appeal runs . . . from the entry of the order disposing of the *last* such remaining motion." In this case, *since defendants admitted the plaintiff's Rule 59*

12

*motion was "timely" filed,* and where the trial court *"entertained the motion and ruled on its merits," F.T.C.,* 344 U.S. at 210, *City of Hartford,* 942 F.2d at 134, thus "disposing of the last" motion, then there can be no dispute that the "final" date of judgment in *Dittes,* for which plaintiff could file a Rule 60(b) permitting relief "from a *final* judgment, order, or proceeding," was March 21, 2001. *Chao v. Russell P. Le Frois Builder, Inc.,* 291 F.3d 219, 229 (2d Cir., 2002) ("Rule 60(b) . . . *only applies after a 'final judgment, order, or proceeding' occurs.")* (emphasis added). Indeed, "[t]he stated test for finality under Rule 60(b) . . . is whether the judgment is appealable." *United States v. Baus,* 834 F.2d 1114, 1119 (1st Cir. 1987) (citing *Solaroll Shade and Shutter Corp. v. Bio-Energy Sys., Inc.,* 803 F.2d 1130, 1131 (11th Cir. 1986). Simply put, "the appealability test can be a useful tool for determining finality" in filing a Rule 60(b) motion. *Baus,* 834 F.2d at 1119; *Catlin v. United States,* 324 U.S. 229, 233, 65 S. Ct. 631 (1945) (it is the appealable final judgment that "ends the litigation on the merits and leaves nothing for the court to do but execute the judgment.").

## CONCLUSION

Plaintiff timely filed a Rule 59 Motion after judgment was entered on March 30, 2000. The district court then made a clerical error in calculating the final judgment in its order dated May 15, 2000, but corrected this error in its order dated March 21, 2001, holding that the "plaintiff's motion for a new trial was, in fact, timely filed." In this same order, dated March 21, 2001, the court also *substantively denied plaintiff's motion for a new trial*--thus effectively "disposing" of the litigation between the parties. *F.T.C.,* 344 U.S. at 210 (a ruling is "final" only when it "dispose[s] of the entire controversy between the parties"). Thus, the "final judgment" in *Dittes* was entered on *March 21, 2001*--not March 30, 2000 as defendants mistakenly argue. *Browder,* 434 U.S. at 267 ("A timely petition for rehearing . . . operates to suspend the finality of

the . . . court's judgment, pending the court's further determination whether the judgment should be modified.").

As a consequence, in the instant action, plaintiff respectfully moves to alter or amend the error that plaintiff did not timely file his Rule 60(b) motion, where the facts and law clearly show that the "final" judgment in *Dittes* was entered on March 21, 2001, and that plaintiff subsequently filed his Rule 60(b) motion *within six months of this "final judgment."* *Chao*, 291 F.3d at 229 ("Rule 60(b) . . . *only applies after a 'final judgment, order, or proceeding' occurs.'"); *Baus*, 834 F.2d at 1119 ("[t]he stated test for finality under Rule 60(b) . . . is whether the judgment is appealable.").

WHEREFORE, based on all the foregoing reasons, Plaintiff's Motion to Alter or Amend the Judgment should be Granted.

Respectfully submitted,

_____
Jeffrey L. Tibbetts
1021 Arlington Blvd., #822
Arlington, Virginia 22209
(703) 625-8718

**CERTIFICATE OF SERVICE**

I HEREBY CERTIFY a copy of the foregoing was sent this ___ day of March, 2005 to: Jeffery Babbin, Wiggin & Dana, One Century Tower, New Haven, Connecticut 06508.

_____
Jeffrey L. Tibbetts