UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF CONNECTICUT

| | | |
|---|---|---|
| JEFFREY P.L. TIBBETTS, | : | CIVIL ACTION NO. |
| | : | 3:01CV01763 (CFD) |
| Plaintiff, | : | |
| | : | |
| vs. | : | |
| | : | |
| PRESIDENT AND FELLOWS OF YALE | : | |
| COLLEGE, ET AL., | : | |
| | : | |
| Defendants. | : | |
| | : | MARCH 21, 2005 |

## DEFENDANT'S OPPOSITION TO
## PLAINTIFF'S MOTION TO AMEND COMPLAINT

Defendant Yale University (a/k/a the corporate entity of the President and Fellows of

Yale College, including Yale Corporation) ("Yale") opposes the motion to amend complaint,

filed by plaintiff under Rule 15(a) on February 28, 2005 (doc. 102). The Court correctly

dismissed plaintiff's complaint for failure to state a claim, and plaintiff has given this Court no

grounds to revive that complaint by amendment or otherwise.

The proposed amended complaint (set forth on pages 106-114 of his memorandum of

law)[1] seeks to set aside the judgment in the *Dittes* case pursuant to Rule 60(b). Although Tibbetts

wants to amend to supply more detail in support of his Rule 60(b) claims, the claims would

remain the same and therefore would be invalid as a matter of law for the reasons already given

by the Court when dismissing the operative complaint. Nothing that he proposes to add to the

---

[1] Tibbetts has repeatedly violated D. Conn. Local Civil Rule 7(a)(2), which limits submissions to
40 pages absent leave of court. His memorandum here concludes on page 106, followed by the
text of the proposed complaint. Because Tibbetts did not have permission to file a 106-page
memorandum in support of his motion, the Court should decline even to consider the motion.

complaint would remove the time bar to his obtaining relief under Rule 60(b)(1) and (3), and nothing that he proposes to add would remedy the defect that his claims do not rise to the level of fraud on the court necessary to assert an independent action to set aside a judgment. *See generally* Ruling on Motion to Dismiss (Jan. 20, 2005) (doc. 91). The proposed amendment would be futile and should be denied. *See Foman v. Davis*, 371 U.S. 178, 182 (1962) (courts may refuse leave to amend on grounds of futility of amendment); *Manson v. Stacescu*, 11 F.3d 1127, 1133 (2d Cir. 1993) (upholding trial court's denial of post-dismissal motion to amend because proposed additional factual allegations would not cure defect in complaint), *cert. denied*, 513 U.S. 915 (1994).[2]

Tibbetts' memorandum of law also refers to Rule 60(b)(4) as a source for his claims to set aside the judgment in *Dittes*. The basis for that argument is Tibbetts' contentions that Judge Covello denied him due process during the proceedings in *Dittes*, rendering the judgment void. *See* Memorandum of Law at 96-106. But plaintiff's reference to Rule 60(b)(4) does not support the request to amend his complaint. First, while his memorandum of law discusses errors allegedly made by Judge Covello in violation of Rule 60(b)(4), the actual text of the proposed amended complaint makes no reference to those alleged errors and focuses instead on the allegations of fraud by Yale underlying his Rule 60(b)(3) claim and his independent action for fraud on the court. Second, the errors complained of in his memorandum of law are not of constitutional dimension implicating the Due Process Clause, but are ordinary claims of trial

---

[2] The proposed amendment also restates without change two other claims that this Court dismissed—the claim to seal the record in *Dittes* and the claim for damages from a malicious defense under Conn. Gen. Stat. § 52-568. Thus, this part of the proposed amendment is also futile and should be disallowed. It also hardly needs to be stated that the proposed amendments should equally be denied as dilatory, coming well over three years after the commencement of this action, and where Tibbetts spent much of that time litigating over service of process issues and showing no interest in moving forward on the merits of his complaint.

error that could have been raised and resolved by the Second Circuit in Tibbetts' appeal from the *Dittes* judgment. Third, claims under Rule 60(b)(4) must be brought within a reasonable time of judgment, but Tibbetts' effort to assert these claims *five years* after judgment was entered in *Dittes* is hardly reasonable. Fourth, Tibbetts has already moved in the *Dittes* case itself for relief under Rule 60(b)(4), making these same arguments, and Judge Covello has already denied that motion.[3] Thus, Tibbetts is barred by *res judicata* and collateral estoppel from reasserting those same claims of error under Rule 60(b)(4) in this separate docket.[4] For these additional reasons, the proposed amendment would be futile and should be denied.

The Court should deny plaintiff's post-judgment motion to amend his complaint.

---

[3] Tibbetts moved under Rule 60(b)(4) on November 19, 2004 (*Dittes*, doc. 250). The defendants in *Dittes* opposed the motion on December 9, 2004 (*Dittes*, doc. 253). Judge Covello denied the motion on January 5, 2005 (*Dittes*, doc. 259), ruling that Rule 60(b)(4) relief was not warranted because the Court had not acted inconsistent with due process of law, and because plaintiff had the opportunity to raise his claims on appeal, but did not, and is now barred from reasserting them under principles of *res judicata* and the interest in finality of judgments. (A copy of that ruling is attached at Tab A.) Tibbetts has conceded the finality of that ruling, and thus its preclusive effect, by filing a notice of appeal on February 4, 2005 (*Dittes*, doc. 262). This Court may take judicial notice of these pleadings, which are incorporated herein by reference.

[4] There is no impediment to applying the *res judicata* doctrine to bar a claim that a judgment is void because of fraud. *See Weldon v. United States*, 70 F.3d 1, 5 (2d Cir. 1995). Also, the fact that Tibbetts has appealed the denial of his Rule 60(b)(4) motion in *Dittes* does not destroy the preclusive effect of that denial. *See Tibbetts v. Stempel*, No. 3:97cv2561 (CFD), Ruling on Motions for Summary Judgment and for Stay at 3-4 (D. Conn. Sept. 26, 2001) (*Stempel*, doc. 58).

Respectfully submitted,

DEFENDANT
YALE UNIVERSITY

By: _____
Jeffrey R. Babbin (ct10859)
    jbabbin@wiggin.com
Wiggin and Dana LLP
Its Attorneys
One Century Tower
P.O. Box 1832
New Haven, CT 06508-1832
(203) 498-4400
(203) 782-2889 (fax)

## **CERTIFICATION**

This is to certify that on this 21st day of March, 2005, a copy of the foregoing was

mailed, postage prepaid, to:

>    Jeffrey L. Tibbetts
>    1021 Arlington Blvd., #822
>    Arlington, VA 22209

Jeffrey R. Babbin

\490\171\521997.1

# EXHIBIT A

# UNITED STATES DISTRICT COURT FOR
## THE DISTRICT OF CONNECTICUT

FILED

2004 NOV 19  A 10: 53

U.S. DISTRICT COURT
HARTFORD, CT.

| | | |
|---|---|---|
| JEFFREY TIBBETTS, | ) | |
| | ) | |
| v. | ) | No. 395CV00995 (AVC) |
| | ) | |
| JAMES DITTES, ET AL, | ) | |
| | ) | November 19, 2004 |

## RULE 60(B)(4) MOTION TO VACATE JUDGMENT
## AS VOID FOR VIOLATIONS OF DUE PROCESS

3:95cv995 (AVC).  January 5, 2004.  The motion is denied as the
plaintiff has failed to persuade the court that it acted
inconsistent with due process of law and, accordingly, the court
does not perceive the judgment as void for purposes of vacatur
under Fed. R. Civ. P. 60(b)(4).  Further, because the plaintiff
had the opportunity to raised the issues on appeal, but failed to
do so, the plaintiff is now "barred by principles of res judicata
and the interest in finality of judgments from mounting a
collateral attack on a prior judgment in the present action."
Nemaizer v. Baker, 793 F.2d 58, 64 (2d Cir. 1986).

SO ORDERED.

_____
Alfred V. Covello, U.S.D.J.

FILED

U.S. DISTRICT COURT
HARTFORD, CT.

JAN -5  P 2: 32