UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| JEFFREY P. L. TIBBETTS,<br>    Plaintiff, | :<br>:<br>: |
| v. | :    Civil Action No.<br>:    3:01 CV 1763 (CFD) |
| PRESIDENT AND FELLOWS OF YALE<br>COLLEGE ET AL.,<br>    Defendants. | :<br>:<br>: |

**RULING ON PENDING MOTIONS**

      This is the fifth action filed in the District of Connecticut by the plaintiff, Jeffrey Tibbetts against Yale University and various individuals associated with Yale.[1] On January 20, 2005, the Court granted the defendants' motion to dismiss. Pending is Tibbetts' motion to alter or amend the judgment pursuant to Fed. R. Civ. P. 59(e), and his motion to amend his complaint pursuant to Fed. R. Civ. P. 15(a). For the following reasons, the motions are denied.

**I    Background**

      The factual and procedural history of this case was set forth in the Court's January 20, 2005 ruling on the defendants' motion to dismiss, familiarity with which is presumed. See Tibbetts v. President and Fellows of Yale College, 2005 WL 162382 (D.Conn., Jan. 20, 2005).

**II    Motion to Alter or Amend the Judgment**

      Tibbets seeks to alter or amend the judgment pursuant to Rule 59(e). Tibbetts advances several grounds upon which he claims he is entitled to such relief, each of which will be

---

[1] The first-filed case, Tibbetts v. Dittes, 3:97CV995 (AVC), was assigned to Judge Covello. The three other actions; Tibbetts v. Stempel, 3:97CV2561(CFD); Tibbetts v. Robinson, 3:97CV2682(CFD); and Tibbetts v. Levin, 3:97CV2683(CFD); were consolidated before this Court, and are referred to here as "the three consolidated cases.".

addressed in turn.

In the ruling dated January 20, 2005, the Court found that counts one and two of the complaint, which sought relief pursuant to Fed. R. Civ. P. 60(b)(3) and 60(b)(1), respectively, must be dismissed because they were brought beyond the applicable one-year limitations period. See Rule 60(b) (requiring that such motions be filed "not more than one year after the judgment, order, or proceeding was entered or taken").[2]  More specifically, the Court concluded that Tibbetts' motions were filed more than one year beyond the date judgment was entered in Tibbetts v. Dittes, 3:97CV995 (AVC), which was the judgment underlying Tibbetts' Rule 60 motions in this case.[3]  Tibbetts now claims that, because he filed a Rule 59 motion for a new trial and then appealed to the Second Circuit in Dittes, the Court applied the wrong starting date for the one-year limitations period. More specifically, Tibbetts claims that his Rule 60(b)(1) and (3) motions in the instant case were timely because they were filed within six months of the final disposition of his Rule 59 reconsideration motion in Dittes.[4]  This argument is without merit.

---

[2]The pending motion does not challenge the Court's dismissal of counts three through five of the complaint, or the Court's dismissal of his independent action for fraud on the court. Those counts and the independent action were not dismissed on statute of limitations grounds, but rather were dismissed because they failed to state a claim upon which relief may be granted.

[3]In this Court's January 20, 2005 ruling, it mistakenly stated that judgment in Dittes was rendered on February 29, 2000, but correctly stated that it was entered on the docket on March 30, 2000. That error is immaterial, however, as the Court's finding that the one-year period under Fed. R. Civ. P. 60(b)(1) and (3) began on March 30, 2000, was correct.

[4]Judge Covello signed the judgment in Dittes on March 29, 2000, and it was entered on the docket on March 30, 2000 (although date-stamped on March 29, 2000). On May 15, 2000, Judge Covello denied Tibbetts' Rule 59 motion for a new trial on the ground that it was not filed within ten days of the date of the judgment, as required by Rule 59(b), which mistakenly was listed as "February 29, 2000" in that ruling. Tibbetts filed a motion for reconsideration of that ruling, noting that the judgment was signed on March 29, 2000, and arguing, therefore, that his motion for a new trial, which was filed on April 8, 2000, was timely. On March 21, 2001, Judge

As the Court noted in the January 20, 2005 ruling, it is well settled that the one-year limitation period governing Rule 60(b)(1) and (3) motions for relief from judgment is not tolled by the filing of an appeal.  See King v. First American Investigations, Inc., 287 F.3d 91, 94 (2d Cir. 2002) (citing cases); see also Warren v. Garvin, 219 F.3d 111, 114 (2d Cir. 2000) (stating that the one year limitation period governing Rule 60(b) motions for relief from judgment based on fraud is "absolute")(quotation omitted); Transit Casualty Co. v. Security Trust Co., 441 F.2d 788, 791 (5th Cir. 1971) (a Rule 60(b) motion "can be made even though an appeal has been taken and is pending").  Conversely, the filing of a Rule 60 motion more than ten days after the entry of judgment does not toll the time to file an appeal.  See Fed. R. App. P. 4(a)(4)(A)(vi).  Nor may extensions of time be granted by the Court to extend the one-year period applicable to Rule 60(b)(1) and (3) motions.  See Fed. R. Civ. P. 6(b).  While the filing of a Rule 59 motion may toll the applicable appeal period, that extended appeal period does not toll the one-year limitation period applicable to Rule 60(b)(1)-(3) motions.  Cf. King, 287 F.3d at 94.  Therefore, the filing of a Rule 59 motion for a new trial or a motion for reconsideration of a decision on a Rule 59 motion also does not toll the one-year period for filing a Rule 60(1)-(3) motion, which is "absolute." Warren, 219 F.3d at 114.

Moreover, as the Court noted in its January 20, 2005 ruling, Tibbetts should have brought

---

Covello granted the motion for reconsideration on that ground, but denied Tibbetts' Rule 59 motion for a new trial once again, finding that Tibbetts had failed to present sufficient grounds warranting a new trial.  Tibbetts claims here that because this action was filed on September 18, 2001, and this was within one year of Judge Covello's decision on the reconsideration motion in Dittes, it was timely.  However, the reconsideration motion did not toll the one-year period applicable to Rule 60(b)(1) and (3) motions, and the "start date" for that one-year period was March 29, 2000, the date that the judgment was signed and date-stamped in Dittes by Judge Covello, or March 30, 3000, the date it was entered on the docket.  See also discussion in text.

his Rule 60 challenges in the action to which the motion is directed, i.e., the Dittes action and not this independent action. S.E.C. v. Gellas, 1 F.Supp.2d 133, 335 (S.D.N.Y. 1998) (citing cases which establish that "[t]he motion for relief from final judgment must be filed in the district court and in the action in which the original judgment was entered"); see also Teltronics Servs., Inc. v. Anaconda-Ericsson, Inc., 587 F.Supp. 724, 729 (E.D.N.Y.1984), aff'd, 762 F.2d 185 (2d Cir. 1985) (citing cases); 12 Moore's Federal Practice (3d ed.) § 60.60[1]. Consequently, even if his motions were timely, they would be denied for being filed in the wrong action. See United States ex rel. Aigner v. Shaughnessy, 175 F.2d 211 (2d Cir. 1949) (refusing to consider transforming improper collateral attack on denaturalization decree, made by way of habeas corpus petition, into Rule 60(b) motion because it was not filed in the court that rendered the original judgment).

**III    Motion to Amend the Complaint**

Because the Court has denied Tibbetts' motion to alter or amend the judgment, there is no case or controversy pending before the Court. The proposed amendments would also be futile and untimely. Consequently, his motion to amend the complaint is denied as moot.

**IV    Conclusion**

The motion to alter or amend the judgment **[Doc. #93]** is **DENIED**, and the motion to amend the complaint **[Doc. # 102]** is **DENIED** as moot.

SO ORDERED this   31st   day of August 2005, at Hartford, Connecticut.

/s/ CFD
**CHRISTOPHER F. DRONEY**
**UNITED STATES DISTRICT JUDGE**

4